## ELKHORN LAND & TOWN LOT CO. v. DIXON COUNTY ET AL.

### [FILED OCTOBER 26, 1892.]

1. **Taxation:** PUBLIC LANDS: RAILROAD GRANTS. Upon the facts stated in the petition, *held*, that the railway company had earned the lands in controversy at the time the taxes were levied and that the state had, prior to said levy, parted with its title to the plaintiff's grantor and that the lands were taxable although the United States did not approve the selection of the state until after the levy of the taxes.

2. ————: LANDS OMITTED FROM ASSESSMENT ROLLS: AUTHORITY OF COUNTY CLERK TO ENTER. Under section 50 of chapter 46, Rev. Stats., the county clerk had authority, where lands in his county had not been assessed, to "enter the same upon the assessment roll and assess the value."

ERROR to the district court for Dixon county. Tried below before NORRIS, J.

*Davis & Gantt,* for plaintiff in error.

*J. J. McCarthy, contra.*

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendants to have an alleged cloud removed from certain lands possessed by it in Dixon county caused by the levy of taxes thereon by the county clerk of Dixon county in July, 1871. The petition is too long to copy here. The cancellation of the alleged cloud is sought on two grounds, which will be noticed in their order.

First—It is alleged, in substance, that the plaintiff derives title from the state; that the state derived title under the act of September 4, 1841, granting five hundred thousand acres of land to each new state for purposes of internal improvement; that on April 16, 1870, the state selected the lands in question, which selection was approved by the United States, October 13, 1871; that on February 15, 1869, the legislature of the state passed an act donating certain of said lands to such railroad companies as complied with said act by building ten or more miles of railroad; that after February 15, 1869, and before November, 1871, the F., E. & M. V. R. Co. built its third ten miles of railroad and thereupon the governor appointed commissioners, who approved of the same, whereupon, on the 30th day of November, 1870, the governor, in compliance with said law, issued letters patent for said lands to said railroad company, which afterwards conveyed to the plaintiff. It will be observed that the lands were not assessed until the next year after the railway company had obtained its patents. The company, therefore, had not only earned its lands but the state had recognized its right to the same and conveyed its title.

The case falls directly within that of *White v. B. & M. R. Co.*, 5 Neb., 393. In that case the section of road in dispute had not been accepted until sometime after the lands were assessed. The evidence that the company had earned the lands by the construction of the required

twenty miles of railroad was the certificate of approval, and until that was obtained its absolute right to the lands did not attach; therefore, the tax was held to be void. In the case at bar, however, the railway company was the owner of the land when the tax was levied, and neither it nor the plaintiff has any just cause of complaint if the court denies it relief.

Second—It is alleged that the assessment was made by the county clerk and that he had no authority to assess the same. Section 50, chapter 46, of the Revised Statutes, which was then in force, was as follows: " If on the assessment roll or tax list there be any error in the name of the person assessed or taxed, the name may be changed, and the tax collected from the person intended, if he be taxable and can be identified by the assessor or treasurer, and when the treasurer, after the tax list is committed to him, shall ascertain that any land or other property is omitted he shall report the fact to the county clerk, who, upon being satisfied thereof, shall enter the same upon his assessment roll, and assess the value, and the treasurer shall enter it upon the tax list, and collect the tax as in other cases." Here is full power given the county clerk to make the assessment. There is no complaint that the property was assessed too high, or any ground stated for equitable relief. There is no equity in the petition and the judgment of the court below is

AFFIRMED.

THE other judges concur.