EQUITABLE TRUST COMPANY, APPELLEE, V. FRANCES R. O'BRIEN, APPELLEE, AND JAMES W. DVORSKY, APPELLANT.

FILED SEPTEMBER 23, 1898.   No. 8248.

1. **Pleading: UNDENIED ALLEGATIONS.** All material allegations of new matter in the answer, which are not put in issue by a reply, will be taken as true and need not be proved.

2. **Enforcement of Tax Lien: BURDEN OF PROOF.** Where a lien is sought to be enforced for the non-payment of special taxes, the person asserting the lien has the burden of showing its validity.

3. **Special Taxes: EQUALIZATION: NOTICE.** The city council of a city of the metropolitan class has no jurisdiction to pass an ordinance levying special taxes until, as a board of equalization, it has ascertained the amount of special benefits to be assessed against the real estate; and sections 73 and 85, chapter 12a, Compiled Statutes 1887, require notice of the sitting of such board to be given for at least six days prior thereto in the official paper of the city.

APPEAL from the district court of Douglas county. Heard below before DUFFIE, J. *Affirmed.*

*W. A. Saunders* and *Saunders & Macfarland,* for appellant:

The burden of proof was upon Frances R. O'Brien to show the illegality of the special taxes. (*Adams v. Osgood,* 42 Neb. 450; *Towle v. Holt,* 14 Neb. 221; *Dillon v. Merriam,* 22 Neb. 151.)

In an equitable proceeding for the foreclosure of tax liens technical defenses should not be considered. (*Merriam v. Dovey,* 25 Neb. 618; *Roads v. Estabrook,* 35 Neb. 297; *Otoe County v. Brown,* 16 Neb. 394.)

*Morris, Beekman & Marple* and *Gregory, Day & Day,* contra.

NORVAL, J.

This suit was instituted by the Equitable Trust Company to foreclose real estate mortgages upon lot 3 in

block 4, Kountze & Smith's Addition to the city of Omaha. · James W. Dvorsky was made a party defendant, who filed a cross-petition for the foreclosure of a tax lien claimed on account of the purchase of said premises at tax sale for delinquent county and city taxes, and subsequent taxes paid by him, including certain special paving, curbing, and guttering taxes imposed by the city of Omaha. The owner of the equity of redemption, the defendant Frances R. O'Brien, filed an answer to said cross-petition, denying that Dvorsky had paid the special taxes, and averring, substantially, that the levy of special taxes for street improvements was made without a petition for such improvements having been presented to the city signed by the required number of property owners; that the materials used for paving were different from those designated in the petition upon which the order for pavement was based; and that the levy of said special taxes is absolutely null and void. No reply to this answer was filed. The decree of foreclosure and sale was in favor of plaintiff for the sum due on its mortgages, and for the defendant Dvorsky for the amount of the county and city taxes paid by him, with interest thereon; but he was refused a lien as to all special taxes. Dvorsky alone appeals, assailing that portion of the decree which denied him a lien for the special taxes.

It is argued that the burden of proof was upon Frances R. O'Brien to establish the invalidity of the special taxes in question, and as she offered no proof upon that point the court below erred in holding said special taxes illegal. To this contention two answers suggest themselves: First—The illegality of these special taxes was pleaded in the answer to the cross-petition of Dvorsky, and he did not controvert the averments of the answer by a reply. Under the Code of Civil Procedure every material allegation of new matter in an answer, not put in issue by the reply, must be taken as true, and need not be proved. (*Stewart v. American Exchange Nat. Bank of Lincoln*, 54 Neb. 461, and cases there cited.) All testimony relating

to the special taxes was received over the objections and exceptions of O'Brien, so that it cannot be successfully asserted that she waived the filing of a reply.   Second— The burden of proof was not upon O'Brien to show the illegality of the special taxes, and the cases cited by appellant do not so hold.   Those decisions were made with reference to general taxes, and not to special assessments; and, whatever may be the presumption as to the validity of general taxes in an action to foreclose a lien for their non-payment, the presumption will not be indulged that special taxes were legally levied; but the party who asserts a lien for such taxes assumes the burden of establishing their validity.   This is no new doctrine in this state.   (*Smith v. City of Omaha*, 49 Neb. 883; *Leavitt v. Bell*, 55 Neb. 57.)

The evidence contained in the bill of exceptions fails to establish that due and legal notice of the meeting of the city council of Omaha, as a board of equalization, was given prior to the levy of these special taxes.   A city of the metropolitan class cannot pass an ordinance levying special taxes until, as a board of equalization, it has ascertained the amount of special benefits to be assessed against the real estate; and such board has no authority to determine the benefits to be levied without proper notice to the landowner.   Chapter 12*a*, Compiled Statutes 1887, was in force when these special taxes were imposed, and by sections 73 and 85 of said chapter notice of the sitting of the board of equalization of a city of the metropolitan class is required to be given during at least six days prior thereto in the official paper of the city. While the evidence adduced in this case shows that a notice of the meeting of the board of equalization was published for the requisite time in the Omaha *Republican*, a newspaper "in general circulation in the county of Douglas and state of Nebraska," it was not established by any proof that such publication was made in the official paper of the city of Omaha.   These special taxes were

therefore levied without jurisdiction and were void.
(*Leavitt v. Bell*, 55 Neb. 57.)  The decree is accordingly.

AFFIRMED.