H. A. MERRILL, APPELLANT, V. JAMES SHIELDS ET AL., APPELLEES.

FILED DECEMBER 8, 1898. No. 8511.

1. **Municipal Corporations: SPECIAL TAXES: BOARD OF EQUALIZATION.** The city council of a city of the metropolitan class has no jurisdiction to sit as a board of equalization for the purpose of levying special taxes to cover the expenditures incident to the opening of a street, until the report of the freeholders appointed to assess damages has been made and confirmed.

2. ———: ———: LIEN: BURDEN OF PROOF. The burden of proof is on the person asserting a lien under a proceeding levying a special tax, to show a compliance, by the taxing authorities, with all essential statutory requirements.

3. ———: ———: ———: EVIDENCE: RECITALS IN ORDINANCE. The recitals in an ordinance declaring a new street open to public travel are not competent evidence in favor of a tax-lien claimant to establish the jurisdiction of the city council to levy a special tax.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Affirmed.*

*Henry W. Pennock,* for appellant.

*William D. Beckett, Read & Beckett, George W. Shields,* and *J. W. Woodrough, contra.*

SULLIVAN, J.

This action was brought in the district court to foreclose a tax-sale certificate on lot 10 of Godfrey's Addition to the city of Omaha. The only question presented for decision here is the validity of a special assessment made against the property to defray the expenses of opening Twenty-second street from the south line of E. V. Smith's Addition to the south line of tax lot 36. The tax is assailed on various grounds, only one of which we find it necessary to consider. By the terms of the statute under which the condemnation proceedings were conducted the necessity for appropriating private property for the use of the public as a street was required to be declared by ordinance. The mayor, with the approval of the council, was then authorized to appoint three disinterested freeholders of the city to assess the damages to the owners of the property appropriated. It was the duty of the appraisers so appointed, after taking the prescribed oath, to make their assessment and report the same to the mayor and council for their action thereon. Upon confirmation of the report, and after having considered the matter while sitting as a board of equalization, the council was authorized to levy a special tax against abutting and adjacent real estate peculiarly benefited by the opening of the new thoroughfare. Until the appraisers' report had been made and confirmed, it is quite evident the council was without jurisdiction to levy a tax. The filing of the report and its due ratification were made, by the statute, conditions precedent to the equalization and levy. The burden of proving the existence of these conditions was on the plaintiff, who was asserting the validity of the tax. The law does not imply authority to make the levy from the fact that the levy was made. Discussing this question Judge Cooley says: "It is indeed a presumption of law that official duty is performed; and this presumption stands for evidence in many cases; but the law never assumes the existence of jurisdictional facts;

and throughout the tax proceedings the general rule is that the taking of any one important step is a jurisdictional prerequisite to the next; and it cannot therefore be assumed, because one is shown to have been taken, that the officer performed his duty in taking that which preceded it." (Cooley, Taxation [1st ed.] p. 329.) The same thought is expressed by POST, J., in the case of *Smith v. City of Omaha*, 49 Neb. 883, in the following language: "It is a recognized rule of construction, especially applicable to actions of this character, that those things which the law regards as the substance of the proceeding cannot by the courts be treated as immaterial, that the record must show affirmatively a compliance with all the conditions essential to a valid exercise of the taxing power, and that their omission will not be supplied by presumptions." (*Equitable Trust Co. v. O'Brien*, 55 Neb. 735; *Leavitt v. Bell*, 55 Neb. 57.)

The correctness of the principle announced in the foregoing citations is not seriously questioned by counsel for the plaintiff, but he insists that the proof is sufficient to show the existence of the facts upon which the jurisdiction of the council depended. The evidence relied upon to establish the making and confirmation of the appraisers' report consists of the following recitals contained in the ordinance declaring Twenty-second street open to public travel from the south line of E. V. Smith's Addition to the south line of Paul street extended: "Whereas, three disinterested freeholders have been appointed by the mayor and council to appraise the value of the property to be appropriated; and whereas, said appraisers, after duly qualifying according to law and examining the property to be taken, have made their report and the city council has approved the same," etc. Manifestly this ordinance is not the primary evidence of the action of the council on the appraisers' report. The recital in relation to the matter is a mere declaration of what the council did on a former occasion. It was not inserted in the ordinance in obedience to any

law requiring it to be done. Indeed, the ordinance itself was not an essential step in either the proceeding to establish the street or to levy the tax. It was nothing more than a formal announcement to the public that the street was open and that the city asserted dominion over it. It was appropriate evidence of such announcement and assertion, but not of the fact that the property described had been duly condemned. It seems to us entirely clear that the best and only competent evidence of the council's action on the appraisement of the freeholders was the record of the vote on the motion or resolution proposing its confirmation. The city authorities might, of course, with propriety declare to the public that the street was open to travel, and there is no reason why the declaration should not be made in the form of an ordinance; but they could not, by recitals in the preamble, create evidence in support of the condemnation proceeding. The rule that the recital of jurisdictional facts in the record of the proceedings of an inferior tribunal is *prima facie* evidence of the existence of such facts, has no application here, for the reason that the council was neither called upon to pass the ordinance nor to then make any inquiry and determination in regard to the action it had previously taken on the appraisers' report. The ordinance declaring Twenty-second street open from the south line of Paul street extended to the south line of tax lot 36 does not recite any of the steps taken to condemn the property therein described; and while the defendants' lot has been taxed to defray the expense of opening this part of the street, there is not in the record the slightest evidence of any character that the council ever confirmed the freeholders' assessment of damages, or even that such an assessment was ever made. The right to tax defendants' property for opening this part of the street is not defended; and, conceding appellants' claim as to the evidential effect of the recitals above considered, the fact would still remain that some indefinite portion of the tax in controversy was levied for an un-

authorized purpose and that the special benefits were estimated on a false basis. The validity of the tax in question was not established on the trial; the district court correctly adjudged it to be void. The judgment is

AFFIRMED.