SABINA S. WAKELEY, APPELLANT, V. CITY OF OMAHA ET AL., APPELLEES.

FILED MARCH 8, 1899. No. 8799.

1. **Municipal Corporations:** TAXATION: EQUALIZATION: NOTICE. Notice of the sitting of the city council as a board of equalization under section 21, chapter 13, page 121, Session Laws 1889, by publication for at least six days prior thereto is an indispensable prerequisite to legal action.

2. ———: PAVEMENTS: VOID ASSESSMENTS. The mere fact that an owner of adjacent property signs a petition for paving a street in a prescribed manner does not furnish grounds for the presumption that the petitioner assents to irregular or void proceedings of the city council in the performance of such duties as may devolve upon it after the pavement shall be completed.

3. ———: ———: ———: VOLUNTARY PAYMENTS. A void special assessment is not validated by the mere fact that payments thereon have been voluntarily made.

APPEAL from the district court of Douglas county. Heard below before POWELL, J. *Reversed.*

*E. Wakeley* and *A. C. Wakeley*, for appellant.

*W. J. Connell, Lee S. Estelle,* and *E. H. Scott, contra.*

RYAN, C.

Appellant was denied relief in the district court of Douglas county, wherein she sought a perpetual injunction against the collection of a special assessment upon lots 5 and 6, in block 12, in the city of Omaha. One side of lot 5 faces upon the paved street with respect to which the assessment was made, and the opposite side of lot 5 forms the line of separation between lots 5 and 6. At the time the equalization of assessment was made upon these lots, section 21, chapter 13, Session Laws 1889, was in force, and among its provisions were the following: "The city clerk shall complete the assessment roll for the city on or before the second Monday of October in each year, * * * and when such roll is completed, the council shall hold a session of not less than five days as a board of equalization, giving notice of said sitting for at least six days prior thereto, in three daily papers of the city, * * and in all cases before any special taxes that may be levied, except for constructing wood sidewalks, shall be finally levied, it shall be the duty of the council to sit as a board of equalization, for the purpose of equalizing any such proposed levy of special taxes or assessments, and correcting any error therein, giving notice of such sitting in the same manner as above provided in this section. * * * And thereupon such assessments and special taxes shall be finally made." It was proved on the trial that preceding the assessment and levy under consideration there was but one publication in one daily paper in the city of Omaha, two publications in another, and that probably there was not a third paper of daily issue in the city. The city council had therefore no jurisdiction to make the adjustment, levy, and assessment attempted. (*McGavock v. City of Omaha,* 40 Neb. 64; *Bellevue Improve-*

*ment Co. v. Village of Bellevue,* 39 Neb. 876; *Smith v. City of Omaha,* 49 Neb. 883; *Ives v. Irey,* 51 Neb. 136; *Hutchinson v. City of Omaha,* 52 Neb. 345; *Leavitt v. Bell,* 55 Neb. 57; *Medland v. Connell,* 57 Neb. 10.)

It is, however, urged that appellant should not be heard to allege the above-noted lack of jurisdiction, because of certain of her own acts. These were, first, that she signed the petition for the paving of the street. But this signing was before the pavement was put down and could have had no reference to a waiver of compliance with statutory requirements regulating the proceedings whereby the levy and assessment were to be made after final completion of the work. The other fact upon which appellee relies is that appellant paid without protest three of the ten annual installments into which the assessment was divided. The brief of appellee comments thus upon this branch of the case: "The plaintiff knew that this tax was a lien on her property; that it amounted in law to a judgment against herself and property. She proceeded to discharge the lien to pay that which amounted to a judgment, and all this with the certain knowledge of the steps necessary to be taken by the city council, and yet no complaint for five years." If this statement of the principle involved is correct, the analogy is destructive of appellee's argument. If a judgment had been rendered against Mrs. Wakeley in a case wherein she had never been served with a summons and had never appeared, would the mere fact that subsequent to the date of the so-called judgment she made one or more payments estop her to deny the validity of the judgment when by process of law it was attempted to collect the balance; and, if so, on what principle could the estoppel be founded? As to the payments actually made, she might, under some circumstances, be denied affirmative relief, but why should she be held concluded against asserting the invalidity of the balance of the judgment when payment thereof is sought to be coerced? The partial payments which prevent the running of the statute

of limitations are treated as acknowledgments of the continued validity of that which at one time was concededly valid, but that is no argument for treating as valid that which was always void. The case at bar is not strengthened by this illustration, which we think very apt. The payments were purely voluntary, and no fact has been pleaded or proved which suspends appellant's right at any time to discontinue her generosity. The judgment of the district court is reversed and the cause is remanded with instructions to enter a decree as to lots 5 and 6 aforesaid in conformity with the prayer of appellant's petition.

REVERSED AND REMANDED.