J. RALSTON GRANT, APPELLANT, V. WILLIAM O. BAR-
THOLOMEW, APPELLEE.

FILED SEPTEMBER 21, 1899.  No. 8534.

1. **Lien of Special Taxes**: FORECLOSURE: BURDEN OF PROOF. The party
who asserts and seeks the foreclosure or enforcement of the lien
of special assessments or taxes has the burden of the proof or
establishment of their validity.

2. **Municipal Corporations**: PAVING TAXES. Joining in a petition for
the paving of a street is not a waiver of the compliance with
statutory prescriptions relative to the mode of assessments and
levies of taxes to pay for the work.

3. ———: EQUALIZATION: CONSTRUCTION OF STATUTE. Statutes in re-
gard to powers and duties of boards of equalization are to be
strictly construed, and in the exercise of their powers and duties
the mode of procedure prescribed must be followed.

4. ———: SPECIAL TAXES: VOID LEVY: EVIDENCE. *Held*, That there
was a failure of proof to show a compliance with stated statu-
tory pre-requisites to the assessments and levies of certain
special taxes involved herein.

REHEARING of case reported in 57 Neb. 673. *Judgment
below affirmed in part.*

*Saunders & Macfarland,* for appellant.

*D. L. Thomas* and *William O. Bartholomew, contra.*

HARRISON, C. J.

In this, an action by the assignee of a tax-sale certifi-
cate to foreclose the lien of taxes, the relief sought was
denied in the district court, and on appeal to this court
the decree was reversed and the cause remanded, not for
a retrial, but with directions for a decree. A rehearing
was granted on motion of the appellee, not for reargu-
ment and further examination of questions involved in
regard to the general taxes, but to adjust the contentions
relative to some special assessments. For statement of
the case and former adjudications see *Grant v. Bartholo-
mew,* 57 Neb. 673, 78 N. W. Rep. 314.

It has been decided that he who asserts and seeks the enforcement of a lien of special assessments or taxes has the burden of the proof or establishment of their validity. (*Equitable Trust Co. v. O'Brian*, 55 Neb. 735; *Smith v. City of Omaha*, 49 Neb. 883; *Leavitt v. Bell*, 55 Neb. 57; *Merrill v. Shields*, 57 Neb. 78, 77 N. W. Rep. 368.) It has also been determined that the fact that a party joins in a petition for the paving of a street does not constitute a waiver of compliance with statutory requirements prescribing the method of assessment and levy of taxes to pay for the work. (*Wakeley v. City of Omaha*, 58 Neb. 245, 78 N. W. Rep. 511.) There were ten items of special taxes declared upon in the petition in the action,—two for paving in district No. 35, two for curbing and guttering in district No. 35, one for paving in district No. 234, two for curbing and guttering in district No. 234, and two for sidewalks, all in the city of Omaha. In respect to the two items for paving in district No. 35, the assessments were in proportion to "foot front," and it was provided by statute that it was the duty of the council to sit as a board of equalization after giving notice of the session, which should continue for not less than two days; the notice was to be published a stated number of days. The record before us discloses that there was an offer of the proof of publication of the notice, and that it was marked Exhibit 31. A reference to the exhibit named discloses a copy of a notice, but no proof of publication, and, according to the record, there was a failure to show the requisite notice. The council or board of equalization had no jurisdiction, and the assessment was void. (*Wakeley v. City of Omaha*, 58 Neb. 245, 78 N. W. Rep. 511; *Leavitt v. Bell*, 55 Neb. 57.) The notice which it is claimed was given, of which, as we have seen, there was a failure of proof of service, contained a statement that the council would be in session as a board of equalization "in the office of the city clerk on Thursday and Friday, July 15 and 16, 1886, between the hours of 9 A. M. and 12 M. and 1 P. M. and 5 P. M." In the record of the proceedings of

the council or board there appears a statement that a "recess" or adjournment was had to Saturday, July 17, 1886, at 8 o'clock P. M., and no notice of the adjourned meeting was given. It was at the latter session that the assessments were made. It was a questionable proceeding, if not fatal, though we do not decide, so to adjourn over to the evening or night-time of the day succeeding the last one designated in the notice. A somewhat similar adjournment of a county board in session as a board of equalization was held unwarranted in *Sioux City & P. R. Co. v. Washington County*, 3 Neb. 30. The notice fixed the place of meeting at the "office of the city clerk" and the record of the proceedings recited "that the council met in the council chamber." This would indicate that the meeting was at a place other than the one stated in the notice. If so, any action of the board would not be effective.

What has been said in regard to paving is equally applicable to the items of taxes for curbing and guttering in district No. 35. In this connection it further appeared that the curbing and guttering were ordered prior to the paving, and the law then in force on the subject was to the effect that "curbing and guttering shall not be ordered or required to be laid on any street, avenue, or alley not ordered to be paved, except on the petition of a majority of the owners of the property abutting along the line of that portion of the street, avenue, or alley to be curbed and guttered." There was no proof that such a petition had been presented. The petition was a necessary element of the proceedings. (*Hutchinson v. City of Omaha*, 52 Neb. 345, 72 N. W. Rep. 218; *Harmon v. City of Omaha*, 53 Neb. 164, 73 N. W. Rep. 671; *Leavitt v. Bell*, 55 Neb. 57.)

Relative to the one item of taxes for paving in district No. 234 and the two items for curbing and guttering in the same district there was proof of publication of a notice in one daily newspaper of the city, but the law required it in three. The proof was insufficient to show

legal notice, and the council had no jurisdiction. (*Wake-ley v. City of Omaha*, 58 Neb. 245, 78 N. W. Rep. 511; *Leavitt v. Bell*, 55 Neb. 57.) The copy of the notice which appears in the record was of a session of the council as a board of equalization to be held "at the office of the city clerk, in Douglas county court house, on Thursday, the 17th day of October, 1889, from 9 o'clock A. M. to 5 o'clock P. M." The record disclosed a meeting in the council chamber on October 22, 1889, at 8 o'clock, an entirely different time and place. This did not show jurisdiction. There was another meeting of December 5, 1889, which figures here, but of the notice of this there was no publication shown. The assessments and levies were, under the evidence adduced, without jurisdiction. What has just been said applies with equal force to the item of taxes for sewer district No. 95.

There were two items for sidewalks. The law in force at the time these came into being contemplated that the owners of property be notified and allowed to construct the sidewalks ordered. It was not shown that such a notice had been given and the privilege of construction accorded. Unless these things were done the council could not proceed. It was without jurisdiction. (*Horbach v. City of Omaha*, 54 Neb. 83, 74 N. W. Rep. 434.)

It follows that the decree of the district court in regard to the special taxes involved in the action was correct and must be affirmed. The decree as to the general taxes is reversed and the cause remanded to the trial court to proceed in regard to the general taxes as directed in the former opinion.

JUDGMENT ACCORDINGLY.