STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF LAND, APPELLANT.

FILED MARCH 21, 1907.   No. 14,732.

Taxation: SUIT UNDER SCAVENGER ACT: PETITION AS EVIDENCE.  In an action to enforce the collection of all delinquent taxes and assessments on real estate under the provisions of chapter 77, art. IX, Comp. St. 1905, commonly known as the "Scavenger Act," the petition shall be deemed and taken to be *prima facie* evidence of the legality of all the taxes and assessments set forth therein, and of the several amounts levied on behalf of the state, county, or city, in which the lands are located, and that such taxes and assessments are unpaid and delinquent.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.   *Affirmed.*

*F. A. Boehmer* and *I. P. Hewitt*, for appellant.

*E. C. Strode* and *D. J. Flaherty, contra.*

OLDHAM, C.

This was an action instituted in the name of the state of Nebraska, under the provisions of chapter 77, art. IX, Comp. St. 1905, commonly known as the "Scavenger Act," to enforce the collection of all back taxes on real estate

situated in Lancaster county, Nebraska, including all
general and special assessments levied within the corpo-
rate limits of the city of Lincoln. Sarah M. Englehart, as
owner of lots 1 and 2, in block 42, Dawson's addition to
the city of Lincoln, contested the legality of a special as-
sessment levied on the lots owned by her for the pur-
pose of laying a pipe to drain these lots. On the hearing
of the contest, the validity of the assessment was sus-
tained by the trial court, and defendant appeals.

The chief contention urged is that the burden of prov-
ing the validity of a special tax is upon the party seek-
ing to recover for the same, and that, consequently, the
court erred in admitting the petition as *prima facie* proof
of the validity of the special assessment. In support of
this contention we are cited to the holdings of this
court in *Smith v. City of Omaha*, 49 Neb. 883; *Leavitt
v. Bell*, 55 Neb. 57; *Merrill v. Shields*, 57 Neb. 78, and
*Hartsuff v. Hall*, 58 Neb. 417. Without a particular dis-
cussion of each of these cases, it is sufficient to say that
the opinions in them were all rendered prior to the pas-
sage of the so-called scavenger act in 1903, and that this
act is complete in itself and provides a new and independ-
ent method of procedure to enforce the payment and
collection in one suit of all delinquent taxes and special
assessments on real property situated in the county.

The first section of the act provides that "it shall be
the duty of the county treasurer of each county, on or
before the 15th day of May of each year, to prepare a
complete statement of all the lands and lots in his county,
on which the taxes for one or more years are delinquent,
or on which any special assessment of any city in the
county is delinquent." The remainder of the section
points out the manner in which the statement shall be
prepared. Section 2 of the act provides that "it shall be
the duty of the treasurer of each city within the state to
prepare and furnish the county treasurer of the county
in which such city, or part thereof, is located, on or
before the first day of May of each year, a complete list of

all lands and city lots within the limits of such city, on which there are unpaid taxes or assessments delinquent on the first day of May of the current year." The remainder of the section points out the manner in which the statement shall be prepared and certified by the city treasurer. Section 3 of the act provides that "the county treasurer shall, in compiling his complete statement of delinquent taxes and assessments in the county, combine with the statement of the state and county taxes, the list of taxes and assessments furnished by the city treasurer and shall incorporate the latter statement and list into the complete statement, so that all taxes and assessments of every nature within the county, delinquent on the first day of May of the current year shall be included in the statement provided for in section one." Section 4 provides the manner in which such complete statement shall be bound in one or more permanent volumes, and provides a form for such statement. Section 5 provides the form of the petition for the foreclosure of tax liens under this act. Section 8 of the act provides, among other things, that "the petition shall be deemed and taken to be *prima facie* evidence of the legality of all the taxes and assessments set forth therein and of the several amounts levied on behalf of the state, county, or city, in which the lands are located, and that such taxes and assessments are unpaid and delinquent." The provisions of this act plainly place the statements of the delinquent taxes certified to by the city treasurer and county treasurer on a parity with tax certificates so far as the presumption of legality of assessments is concerned. In the recent case of *Ure v. Reichenberg*, 63 Neb. 899, it is said: "in an action of foreclosure upon a tax-sale certificate, and for prior and subsequent taxes and special assessments paid by the holder of the certificate, the certificate and receipts of the proper officer for prior and subsequent taxes and special assessments are *prima facie evidence* of the validity of the taxes which they represent."

It is further contended by the appellant that the special

tax for drainage was illegal because the city, in grading the street adjacent to the lots in dispute, obstructed the natural drainage so as to create the nuisance which necessitated the laying of the drainage pipe for which the special assessment was levied. It is sufficient to say of this objection that the evidence offered in support of it was, to our minds, wholly insufficient to sustain this allegation.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.