STATE OF NEBRASKA, APPELLEE, v. SEVERAL PARCELS OF LAND (WIMAN), APPELLANT.

FILED DECEMBER 17, 1908. No. 15,243.

1. **Statutes:** CONSTRUCTION: TAXATION: IRREGULARITIES. Statutory provisions with reference to special assessments are strictly enforced, but liberally construed with reference to general taxes, when an irregularity complained of has not been prejudicial.

2. **Constitutional Law:** TAXATION. Irregularity in the process of taxation can be said not to amount to due process of law, only when the proceedings are arbitrary, oppressive or unjust.

3. ———: ———: NOTICE. To constitute due process of law it is not necessary that notice be given of each step in the process of taxation. It is sufficient if the taxpayer has an opportunty to appear, at some time, before a tribunal having jurisdiction, and there procure an adjustment of his liabilities.

State v. Several Parcels of Land.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*W. H. Herdman* and *W. A. Saunders,* for appellant.

*Harry E. Burnam, I. J. Dunn* and *John A. Rine, contra.*

EPPERSON, C.

The trial court ordered a sale of appellant's property under the provisions of the scavenger act, finding that the regular taxes for the years 1894, 1895, 1896 and 1897 of the city of Omaha were liens upon appellant's property. Before decree appellant answered, alleging that the taxes were illegal because of the insufficiency of the notices of the meetings of the board of equalization. There is no contention that the taxes were unjust or inequitable, or levied for an unlawful or unauthorized purpose, or exceeded the constitutional and statutory limitations. The question of due process of law is involved. The notices of the meetings of the board of equalization for the years 1895, 1896 and 1897 were each published in two papers printed in the English language, and one printed in the German language. This was an irregularity. Each notice should have been published in three English papers. The notice of equalization upon which the 1894 tax was levied was published six consecutive days, but the last publication was four days prior to the meeting of the board. Section 85, ch. 12a, Comp. St. 1893, which was in force at the times in controversy, provided in part: "The city clerk shall complete the assessment roll for the city on or before the second Monday in October of each year, unless otherwise ordered by the council, and when such roll is completed, the council shall hold a session of not less than five days, as a board of equalization, giving notice of said sitting for at least six days prior thereto in three daily papers of the city. The mayor and council shall make the annual levy at the first regular meeting of the city council in February of each year." It has been

held that the notice must be published six days immediately prior to the convening of the board. *Leavitt v. Bell,* 55 Neb. 57; *Medland v. Connell,* 57 Neb. 11; *Wakeley v. City of Omaha,* 58 Neb. 245. The above construction was placed on the statute in cases where special assessments were involved. It is not our purpose to reaffirm the above rule, but for the purposes of this opinion we assume that the rule was properly applied in the cases cited. There are reasons for holding that a strict adherence to the statutory provisions regarding notice is necessary in order to make valid a special assessment, equalization and levy, which cannot be said to apply to proceedings for the equalization and levy of regular or general taxes. Statutory provisions with reference to special assessments are usually strictly adhered to, but liberally construed as to regular taxes, unless an actual wrong is done. "Laws for the assessment and collection of general taxes stand upon a somewhat different footing and are construed with the utmost liberality, sometimes even to the extent of holding that no notice whatever is necessary." *Turpin v. Lemon,* 187 U. S. 51. In the case of special taxes, the amount thereof is based upon an assessment, not of the actual value, but of benefits to the property involved. The board of equalization assess the benefits upon the consideration of evidence adduced upon a hearing or trial. The value of the property is immaterial. The law imposes regular taxes annually upon all property according to the principles of equality and uniformity, in return for which the taxpayers all alike receive the protection of the law and other benefits of our government. In the case of regular or general taxes, the assessment is made by the assessor of the actual value of the property, and without notice to the taxpayer, and before the statutory notice of the meeting of the board of equalization is required. The assessment stands as the basis for the distribution of the burden of taxation, unless changed by the board of equalization, or otherwise, as provided by statute. In such cases the authority of the

board of equalization to act does not necessarily depend upon notice to be given to the taxpayer, unless it is sought to raise the assessed valuation of his property over that fixed by the assessor, and even then the general published notice would be insufficient. The valuation of the property had been previously fixed by proceedings which operated alike upon all property. The object of the statutory notice complained of in this case is to give an opportunity to the taxpayer to appear and show that his property was valued too high by the assessor, or that other property in the district has been valued too low. Relief asked of a board of equalization is in the nature of an appeal from the judgment of the assessor; and, unless it is pointed out that the assessor committed some prejudicial error, a denial of an appeal cannot be said to be a denial of due process of law. The case would be different if the appellant herein was contending that his property was assessed too high, or if he was in any way the victim of discrimination or irregularity; but no such complaint is made. He simply alleges that he was denied due process of law because the notice of the meeting. of the board of equalization was not published strictly as required by statute, or, in other words, that he was denied an appeal from an assessment, which we must presume was legal. "It is only where the proceedings are arbitrary, oppressive or unjust that they are declared to be not due process of law." *Glidden v. Harrington*, 189 U. S. 255. At most, the defects in the notices, so far as they relate to the equalization of general taxes, must be considered as irregularities only, and insufficient alone to avoid the levy.

Again, it cannot be said that due process of law is lacking, in proceedings for taxation, although the statutory notice is omitted at some particular stage, if the maxims of the law provide an alternative remedy which is sufficient to correct any wrong done. As a safeguard for the protection of a taxpayer, our legislature made provisions, now appearing as section 11061, Ann. St. 1907, which

gives to a taxpayer the right to an injunction in the event that the objectionable tax, or some part thereof, be levied or assessed for an illegal or unauthorized purpose. It further provides that, if such person claims the tax, or some part thereof, to be invalid for the reason that the property upon which it was levied was not liable to taxation or that such property had been twice assessed during the same year, he may pay the same under protest, and recover the amount from the municipality; or, if for any reason the taxes are invalid, he may obtain judgment in a court having jurisdiction, with interest, from the municipality making the invalid levy. Under these provisions an adequate remedy is awarded to whomsoever may be denied the right of appearing before the board of equalization, if he is injured thereby. It is not necessary to constitute due process of law that notice of each step of the process of taxation be given. It is sufficient that the taxpayer have an opportunity to appear, at some time, before a tribunal having jurisdiction, and there procure an adjustment of his liabilities.

In *Security Trust & Safety Vault Co. v. City of Lexington,* 203 U. S. 323, it was held that the failure of the city to require a notice of a special assessment for back taxes to the taxpayer does not deprive him of his property without due process of law, where the state court has afforded him an opportunity to be heard on the question of the validity and the amount of the taxes. In the opinion we find the following: "But in this case the state court has afforded to the taxpayer full opportunity to be heard on the question of the validity and amount of the tax, and after such opportunity has rendered a judgment which provides for the enforcement of the tax as it has been reduced by the court, the reduction amounting to over five thousand dollars. The plaintiff has, therefore, been heard, and on the hearing has succeeded in reducing the assessment. What more ought to be given? * * * The state court in this case has held the taxpayer entitled to a hearing and has granted and enforced such right, and

upon the trial has reduced the tax. In so doing the court below has not assumed the legislative function of making an assessment. It has merely reduced, after a full hearing, the amount of an assessment made by the assessor under color at least of legislative authority." In *McMillen v. Anderson*, 95 U. S. 37, Mr. Justice Miller said with reference to a license tax levied by the state of Louisiana: "It seems to be supposed that it is essential to the validity of this tax that the party charged should have been present, or had an opportunity to be present, in some tribunal when he was assessed. But this is not and never has been, considered necessary to the validity of a tax. * * * Nor is the person charged with such a tax without legal remedy by the laws of Louisiana. It is probable that in that state, as in others, if compelled to pay the tax by a levy upon his property, he can sue the proper party, and recover back the money as paid under duress, if the tax was illegal." The same jurist, in *Davidson v. New Orleans*, 96 U. S. 97, said: "It is not possible to hold that a party has, without due process of law, been deprived of his property, when, as regards the issues affecting it, he has, by the laws of the state, a fair trial in a court of justice, according to the modes of proceeding applicable to such a case." In *King v. Portland City*, 184 U. S. 61, it is said: "The manner of notice and the specific period of time in the proceedings when he may be heard are not very material, so that reasonable opportunity is afforded before he has been deprived of his property or the lien thereon is irrevocably fixed. So it has been held that it is sufficient if the party is accorded the right of appeal or to be heard upon an application for abatement (see *Towns v. Klamath County*, 33 Or. 225; *Weed v. Boston*, 172 Mass. 28), or the assessment is to be enforced by a suit to which he is to be made a party (*Hagar v. Reclamation District*, 111 U. S. 701; *Walston v. Nevin*, 128 U. S. 578), or the right of injunction against collection is accorded, by which the validity of the assessment may be judicially determined. *McMillen v. Ander-*

*son*, 95 U. S. 37. In such case he cannot be heard to complain that his property is being taken without 'due process of law."

Under the doctrine of the United States supreme court, and consonant with sound reasoning, it would appear that a taxpayer, who has the opportunity, before the amount of general taxes was finally fixed and determined, to show to a board of equalization or to a court of competent jurisdiction, empowered to make an adjustment of the amounts equitably and legally due, that the assessment of his property was unjust or excessive or arbitrary, cannot complain that his property is being taken without due process of law.

We recommend that the judgment of the lower court be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

FAWCETT, J., dissents.