RADIUM HOSPITAL, APPELLANT, V. SAM K. GREENLEAF ET AL., APPELLEES.

FILED FEBRUARY 28, 1929. No. 26306.

*R. M. Switzler* for appellant.

*Henry J. Beal* and *W. W. Slabaugh, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

RAPER, District Judge.

On the 23d day of July, 1927, the plaintiff, appellant, filed its petition in the district court for Douglas county against Sam K. Greenleaf, county assessor, and the other members of the county board of equalization, alleging that on the second Monday in June, 1927, the county assessor completed his assessment of property for taxation for the year 1927, and filed same with the county clerk, and in said assessment he valued the real estate of plaintiff, together with improvements thereon, at the sum of $ 00, and said assessment became the only basis of assessment of said property for the year 1927; in other words, said property was exempt from taxation by said assessor and must remain so unless and until lawfully changed by the county board of equalization; that said board held its first session on June 14, 1927, and remained in session until July 8, 1927, when it adjourned; that on July 5, 1927, one Cameron filed written complaint with the board asking that plaintiff be notified to appear and show why said property should not be included on the assessment list for the year 1927; that the said board on July 8, 1927, did change the assessment of plaintiff's property by including it in the list of taxable property and increasing the valuation returned by the assessor from $ 00 to $79,850, and placed and added said property to the assessment rolls in accordance with said assessed valuation and said board adjourned on July 8; that said action of said board was done without any notice whatever to plaintiff, and by reason thereof said board did not have jurisdiction of the matter, and its pretended action is void; that subdivision 5, sec. 5972, Comp. St. 1922, is unconstitutional in regard to assessment of real property, because it fails to provide for notice and hearing

before any change can be made in the assessment as made by the county assessor, and plaintiff prays that the act of said board in attempting to include the property of plaintiff as omitted property and in attempting to change the assessment as made by the county assessor be set aside, that the collection of taxes on said property be enjoined, and that defendants be ordered and decreed to correct said unlawful and erroneous assessment.

To this petition the defendants demurred, which was sustained by the learned trial judge, and plaintiff's action was dismissed.

The petition does not allege that plaintiff was a resident of Douglas county. It does not state when plaintiff first knew of the action of the board. There is no claim in the petition that the property was exempt from taxation, nor that the assessment was too high. Nor does the petition state that plaintiff had been informed by the assessor that he had exempted the lots from taxation.

The petition states that the assessment was made by the board on July 8 and plaintiff's petition was filed July 23 which was within the 20 days' period for appeal. Comp. St. 1922, sec. 5975; *Somerville v. Board of County Commissioners,* 117 Neb. 507. Plaintiff could at that time have taken an appeal, which would have afforded plain and direct remedy at law, so there was no occasion to resort to its action for injunction.

Appellant pleads that subdivision 5, sec. 5972, which permits the county board of equalization to add to the assessment rolls any real property not included therein and assessing the same without notice to the owners violates the due process of law provisions of the state and federal Constitutions and is therefore invalid. That section of our statute provides in the fourth subdivision that the board adjust assessments for the county by raising or lowering the assessment of any person to secure listing of its property at its actual value and assessment of property at its taxable value, but in no case shall the assessment of any person be raised by the board until such person or his agent

be previously notified if they be found in the county. The fifth subdivision provides that the board shall "also add to the assessment rolls any taxable property not included therein, assessing the same * * * as the assessor should have done, but no personal property shall be so added unless the owner thereof is previously notified, if he be found in the county."

It is insisted by the appellant that, when the assessor returned his rolls with the plaintiff's property listed at $00, the action of the board was in fact raising the assessment, and therefore the statute required previous notice to the owner, and in the absence of such notice the assessment is void.

When this assessment was made, the revenue law provided that all real estate should be assessed on April first of the year 1926 and every fourth year thereafter, and the value then assessed to be the basis for taxation for the succeeding four years. The law also provides that all property in the state not expressly exempt therefrom shall be subject to taxation and shall be valued and assessed at its actual value. There is no claim in the petition that the lots were not assessed in 1926, at the proper time, in the same or greater amount assessed against them by the board in 1927.

The values placed on real estate for assessment by the precinct or ward assessors is not a final adjudication. The county board of equalization is expressly given the power to equalize and raise or lower such values, and to add omitted or unassessed property. In *Hacker v. Howe,* 72 Neb. 385, this court held: "An assessment is an official listing of persons and property, with an estimate of the value of the property of each for the purposes of taxation."

The method of assessing real estate under our statute requires the county clerk to make up in books a list of the taxable lands and lots in the county and deliver such books to the assessor on or before April 1 of each year. It is presumed the county clerk placed on the assessor's book for assessment the lots of plaintiff, and it then became the

duty of the assessor upon actual view to list, value and return all real property subject to taxation in his precinct, but it was not incumbent on the assessor to notify the owner of the assessed valuation, unless the owner demanded it, and no such demand is disclosed in the petition. Instead of placing a value on the lots of plaintiff, the assessor without just cause fixed no value, but, according to the language of the petition: "In other words, said property was exempted from taxation by the assessor." It is evident that the placing of $00 in the assessment roll was to indicate that the property was not assessed nor valued for taxation, and whether it is called an omitted assessment or "taxable property not included" in the assessment roll is no distinction; it means and is the same. The assessment was not "raised" within the meaning of the statute. It is no reason for escaping taxation that an assessor purposely omitted or failed to assess the lots. If it was not assessed by the assessor (and it was not), it then became the duty of the board to assess the lots "as the assessor should have done." The values placed against the lands or the failure to assess them by the precinct or ward assessor is not a final adjudication. The board of equalization is expressly empowered and required to equalize and raise or lower and add omitted or unassessed property.

The board was in session 20 days, and after it concluded its work on July 8 plaintiff had 20 days to appeal. The provisions of the revenue law it was bound to take notice of and gave it sufficient opportunity to present its grievance, if it had just cause, and obtain a hearing and judicial determination. In the absence of a law requiring notice to be given, the statute giving the opportunity to be heard is sufficient in such cases to authorize the county board of equalization to assess omitted or unassessed real property without previous notice to the owner of real estate. *Central of Georgia R. Co. v. Wright,* 207 U. S. 127; *Lewis v. State,* 69 Ohio St. 473; *Inland Lumber & Timber Co. v. Thompson,* 11 Idaho, 508, 7 Ann. Cas. 862; 37 Cyc.

1098, 1099; 26 R. C. L. 351; *Reed v. Reed,* 70 Neb. 779, 784; *Oregon & Washington Mortgage Savings Bank v. Jordan,* 16 Or. 113; *Ramp v. Marion County,* 24 Or. 461; *Billinghurst v. Spink County,* 5 S. Dak. 84; *Hacker v. Howe,* 72 Neb. 385; *State v. Several Parcels of Land,* 83 Neb. 13. Most of the cases cited by appellant from the Nebraska decisions refer to increasing personal property assessments, and in these cases the statute required notice. Some of the cases concern the raising of real estate assessments, and such cases require notice under the statute.

Another section of the revenue law (Comp. St. 1922, sec. 5963) makes it the duty of the county clerk to assess lands which have not been assessed or have escaped taxation. This has been upheld by this court. *Elkhorn Land & Town Lot Co. v. Dixon County,* 35 Neb. 426. But if it be conceded that the board did exceed its power, section 6018, Comp. St. 1922, gave plaintiff adequate relief, if the property was not liable for taxation.

There is no equity in plaintiff's claims, the statute under which the board acted is valid, the board properly assessed plaintiff's property, and plaintiff had adequate remedy at law.

It may be well to state that the legislature by chapter 179, Laws 1927, requires the assessor in the years in which real estate is assessed for taxation, before returning his assessment rolls, to notify by postal card the record owner of real estate which has been assessed at a higher figure than at the last previous assessment and give date of convening of board of equalization. This act did not take effect until after the assessment complained of had been made. But, as before stated, there is nothing in the petition to indicate that the lots were not properly assessed in the year 1926, nor that the assessment made in 1927 was greater than the amount assessed in 1926.

In the case of *Lewis v. State, supra,* the Ohio court say: "It was his (the owner's) duty to have listed the structure himself, and the board was undertaking to perform an omitted duty."

There are many courts that take the view as stated in *Gallup v. Schmidt*, 154 Ind. 196, that although omitted property is assessed without notice, yet if his rights are not thereby prejudiced the owner cannot successfully resist collection. While our own court has not expressly announced that principle, a review of the cases where a party has successfully resisted the action of the board in raising individual valuations or adding unassessed property shows that the rulings are upon some valid claim that the property was not taxable or was assessed too high, and in some cases of personal property that the person to whom it was assessed did not own it.

This case does not present a valid or equitable reason why the assessment should not stand as made by the board. The judgment of the district court is

AFFIRMED.