INHABITANTS OF NORTHAMPTON *vs.* HENRY ABELL.

Hampshire. Sept. 16. — Oct. 27, 1879. AMES & ENDICOTT, JJ., absent.

If private land is taken by the selectmen of a town in laying out a sewer, and the selectmen do not report the laying out to the town, and the sewer is not accepted and established by the town, the laying out is illegal, under the St. of 1869, c. 111, § 2, which provides that when private land is taken for such purpose " the proceedings shall be the same in all respects as in the laying out of town ways."

WRIT OF ENTRY to recover a parcel of land in Northampton. Plea, *nul disseisin.*

At the trial in the Superior Court, without a jury, before *Allen*, J., the demandant, to prove its title, put in evidence a deed to it of the land in question, executed by the collector of taxes of the town of Northampton, setting out a sale of the land for the non-payment of a sewer assessment. It further

appeared that, on application to the selectmen of Northampton to build a sewer over the line of the Market Street Brook, the selectmen gave notice of a hearing upon the subject, and, upon such hearing, determined that a sewer was necessary for the public convenience and public health, filed, in the town clerk's office, a location of the sewer over private lands, constructed the sewer, and assessed various persons, among them the tenant, for the benefits received by them; and that notice was given to such persons, demand made, and the land in question sold to enforce the tax. It was conceded that no report of the laying out of the sewer was made to the town, and that no action of the town was taken in the premises.

The judge ordered judgment for the tenant; and reported the case for the determination of this court.

*D. W. Bond*, for the demandant.

*C. Delano*, for the tenant.

MORTON, J. The act relating to sewers and drains, passed in 1869, is the earliest statute in this state authorizing towns to take private lands for the construction of sewers. Section 1 authorizes the selectmen of any town to lay, make and maintain such sewers as they shall adjudge to be necessary for the public convenience or health through the lands of any person or corporation. Section 2 provides that, when any lands shall be taken by virtue of this act, " the proceedings in the several towns shall be the same in all respects as in the laying out of town ways." Section 3 provides that " all persons or corporations suffering damage in their property, by reason of the laying, making or maintaining of any main drains or common sewers, shall have the same rights and remedies for ascertaining and recovering the amount of such damage, in the several cities, as in the case of the laying out of highways or streets in such cities respectively, and in the several towns, as in the case of laying out of town ways." St. 1869, c. 111.

The demandant contends that it was the purpose of the Legislature to vest in selectmen of towns the absolute power to determine when the public health or convenience requires a sewer, and to lay and make such sewer without any revision or control by the town; and that it was intended by section 2 that the proceedings when lands are taken for sewer purposes, as to the

taking and assessment of damages, should be the same as in case of lands taken for town ways, the laying out or establishing of the sewer being left solely to the selectmen.

But the statute will not admit of this construction. The third section makes provision for the assessment of damages, and would be entirely unnecessary if the demandant's construction is the true one. The words of section 2 are, that "the proceedings shall be the same in all respects as in the laying out of town ways." This clearly means all the proceedings of the laying out of the sewer, and cannot be limited to the proceedings as to assessing the damages.

In the case at bar, it is conceded that the demandant's selectmen, in laying out the Market Street sewer, took lands of private persons; and that their proceedings were not the same as in the case of the laying out of town ways. They did not report the laying out to the town, and, consequently, the sewer as laid out was never accepted and established by the town.

For these reasons the laying out was illegal; the assessment upon the tenant was void; and the deed of the collector conveyed no title to the demandant.

*Judgment for the tenant.*