JOHN A. HORBACH, APPELLANT, V. CITY OF OMAHA ET AL.,
APPELLEES.

FILED MARCH 3, 1898.        No. 9644.

1. **Municipal Corporations:** NUISANCE: TAXATION: POLICE POWER:
   STATUTES. A statute authorizing municipal authorities to drain,
   fill, or grade lots or pieces of ground within the corporate limits
   "so as to prevent stagnant water, banks of earth, or other nuisance
   accumulating or existing thereon," and providing for the assess-
   ment of the entire expense of the improvement against the prop-
   erty so drained, filled, or graded, is not in violation of the pro-
   vision of the constitution relating to special taxation for local
   improvements. The enactment of such a law is a warranted exer-
   cise of the police power of the state.

2. **Nuisance:** EXPENSE OF ABATEMENT: TAXATION. But where the
   owner of the land is entitled, by the terms of the statute, to notice,
   and an opportunity to do the work himself, the city authorities
   have no jurisdiction to proceed with the improvement until such
   notice and opportunity have been given.

3. **Taxation:** QUIETING TITLE. When the statute in such cases requires
   notice to the owner and no notice is served, an assessment against
   his property to defray the expense of grading and filling the same
   is wholly void and will be canceled as a cloud on his title

APPEAL from the district court of Douglas county.
Heard below before KEYSOR, J.   *Reversed.*

The opinion contains a statement of the case.

*Charles A. Goss,* for appellant:

Appellant contends that if the city filled or graded said
lots, it must have done so by reason of their condition
being a nuisance; that as a condition precedent to the
city causing the lots to be filled it must have given him
notice to fill or grade them; that it never gave him such
notice, and therefore the alleged tax is void.   (Compiled
Statutes 1887, ch. 12a, sec. 29; Cooley, Taxation [2d ed.]
365, 609; *First Presbyterian Church v. City of Fort Wayne,*
36 Ind. 338; *In re Appeal of Powers,* 29 Mich. 504; *People
v. Sneath,* 28 Cal. 612; *Smith v. Davis,* 30 Cal. 536; *Taylor
v. Downer,* 31 Cal. 480; *Johnston v. City of Oshkosh,* 21 Wis.

184; *Kneeland v. City of Milwaukee*, 18 Wis. 431; *Atkins v. Kinnan*, 20 Wend. [N. Y.] 241.)

The special assessment sought to be made in this case is unconstitutional because the section of the charter under which such work is to be done is contrary to the constitution. (Constitution, art. 9, sec. 6; Compiled Statutes 1887, ch. 12a, sec. 29; *Hanscom v. City of Omaha*, 11 Neb. 43.)

*W. J. Connell*, for the city of Omaha.

*E. H. Scott*, also for the city of Omaha:

The provisions of the statute authorizing the mayor and council to abate a nuisance resulting from stagnant water, by draining, filling, or grading the property whereon such nuisance exists and levying the expense thereof upon such property, are not unconstitutional. (*Bancroft v. City of Cambridge*, 126 Mass. 438; *Farnsworth v. City of Boston*, 121 Mass. 173; *Welch v. City of Boston*, 126 Mass. 442; *City of Charleston v. Werner*, 17 S. E. Rep. [S. Car.] 33; *Smith v. City of Milwaukee*, 18 Wis. 69; *Donnelly v. Decker*, 17 N. W. Rep. [Wis.] 389; *Bradley v. New York & N. H. R. Co.*, 21 Conn. 305; *O'Riley v. Kankakee Valley Draining Co.*, 32 Ind. 169.)

The assessment against property drained of the cost of drainage, when demanded as conducive to public health and to prevent the existence of a nuisance, is not an exercise of the taxing power, but constitutes merely a proper exercise of police power of the state. (*Thompson v. Treasurer of Wood County*, 11 O. St. 678; *People v. Mayor of Brooklyn*, 4 N. Y. 419; *Egyptian Levee Co. v. Hardin*, 27 Mo. 495; *Ex parte New Orleans Draining Co.*, 11 La. Ann. 338; *Palmer v. Stumph*, 29 Ind. 329; *Anderson v. Kerns Draining Co.*, 14 Ind. 199; *Booth v. Town of Woodbury*, 32 Conn. 128; *State v. Sargent*, 45 Conn. 373; *Austin v. Murray*, 16 Pick. [Mass.] 126; *French v. Kirkland*, 1 Paige Ch. [N. Y.] 117; *Woodruff v. Fisher*, 17 Barb. [N. Y.] 224; *Norfleet v. Cromwell*, 70 N. Car. 634; *State v. City*

Horbach v. City of Omaha.

*Council of Charleston*, 12 Rich. [S. Car.] 702; *State v. City of Newark*, 27 N. J. Law 185; Cooley, Taxation [1st ed.] 402, and authorities there cited; *Village of Carthage v. Frederick*, 122 N. Y. 268; *In re Godard*, 16 Pick. [Mass.] 504; *Union R. Co. v. City of Cambridge*, 11 Allen [Mass.] 287; *Kirby v. Boylston Market Ass'n*, 14 Gray [Mass.] 252; *Reinken v. Fuehring*, 6 Am. R. & Cor. Cas. [Ind.] 82; *City of Philadelphia v. Goudey*, 36 W. N. Cas. [Pa.] 246; *Philadelphia v. Glading*, 36 W. N. Cas. [Pa.] 247; *City of St. Louis v. Stern*, 3 Mo. App. 48; *Thorpe v. Rutland & B. R. Co.*, 27 Vt. 140; *Commonwealth v. Alger*, 7 Cush. [Mass.] 53, 84; *Chicago B. & Q. R. Co. v. State*, 47 Neb. 549.)

Notice of the proposed abatement of the nuisance was unnecessary. (*Chicago, B. & Q. R. Co. v. State*, 47 Neb. 549; *Baumgartner v. Hasty*, 100 Ind. 575; *Lawton v. Steele*, 119 N. Y. 226; *Dunbar v. City Council of Augusta*, 90 Ga. 390; *Barker v. City of Omaha*, 16 Neb. 271; *Durst v. Griffin*, 31 Neb. 673.)

*Ralph W. Breckenridge*, for receiver of German Savings Bank:

The city had power and authority to abate the nuisance on the lots in controversy and assess the cost thereof upon the property. (*Smiley v. MacDonald*, 42 Neb. 5; *City Council of City of Charleston v. Werner*, 38 S. Car. 488.)

Notice of the proposed abatement of the nuisance was not necessary. (*North Chicago City R. Co. v. Town of Lake View*, 105 Ill. 207; *King v. Davenport*, 98 Ill. 305; *Wilson v. Town of Philippi*, 39 W. Va. 75.)

*W. A. Saunders*, also for appellees.

SULLIVAN, J.

An ordinance of the city of Omaha, passed in 1887, declared certain lots owned by John A. Horbach to be a nuisance and directed the board of public works to take the necessary steps to abate such nuisance. This was

done. The lots were filled with earth and a special assessment against them was afterwards made by the city authorities to defray the cost of the improvement. This assessment remaining unpaid, the property was sold and a tax certificate issued to the purchaser, who assigned the same to the German Savings Bank, of which McCague is now receiver. This action was brought in the district court for Douglas county to obtain a cancellation of the tax certificate as a cloud on Horbach's title. But the court on the trial adjudged the certificate to be a valid lien and ordered the lots sold for its satisfaction. Horbach has brought the case here on appeal.

The steps which resulted in the issuing of the tax certificate were taken under section 29 of the charter of 1887, which is as follows: "The mayor and council shall have power to require any and all lots or pieces of ground within the city to be drained, filled, or graded, so as to prevent stagnant water, banks of earth, or any other nuisance accumulating or existing thereon; and upon the failure of the owners of such lots or pieces of ground to fill, drain, or grade the same, when so required, the council may cause such lots or pieces of ground to be drained, filled, or graded, and the cost and expense thereof shall be levied upon the property so filled, drained, or graded, and collected as other special taxes." (Compiled Statutes 1887, ch. 12a, sec. 29.) The validity of this section is assailed on the ground that it provides an unconstitutional basis of taxation. The contention is obviously unsound. The charge authorized by the section to defray the expense of draining, filling, or grading lots, the condition of which amounts to a nuisance, is not a "tax" or "assessment" at all within the meaning of those terms as they are used in the constitution. The abatement of nuisances menacing the public health or safety is the main purpose of the law, and its enactment was a warranted exercise of the police power of the state. (*Cone v. City of Hartford*, 28 Conn. 363; *Williams v. Mayor of Detroit*, 2 Mich. 560; *Bancroft v. Cambridge*, 126 Mass.

438; *Booth v. Town of Woodbury*, 32 Conn. 128; *O'Reiley v. Kankakee Valley Draining Co.*, 32 Ind. 169; *Reeves v. Treasurer*, 8 O. St. 333; *Donnelly v. Decker*, 58 Wis. 461; *State v. City of Newark*, 27 N. J. Law 185.)

But appellant insists that if the law is valid the city was not justified in proceeding under it without notice to him, and that no notice was ever given. The decree of the district court recites that no written notice or order requiring Horbach to fill or grade the lots was ever served. The language of this finding implies that the court may have reached the conclusion that notice in some other form was given, but after a diligent search we are prepared to say that the record affords no evidential support for that implication. And there can be in this case no presumption of law to supply the want of proof. (*Hutchinson v. City of Omaha*, 52 Neb. 345; *Smith v. City of Omaha*, 49 Neb. 883.) Under the section of the charter above quoted it is quite clear that the power of the city to fill or grade the lots in question at the owner's expense depended upon a previous demand having been made upon him to do the work and a refusal on his part to do it. Demand and refusal were indispensable and prerequisite to the authority of the city to improve the property and charge it with the expense of the improvement. The legislature having prescribed the terms on which the city was authorized to make assessments of this character, the power to make them could be lawfully exercised, only, when there had been a substantial compliance with the statute. This proposition is well established by authority. (*Anderson v. Commissioners of Hamilton County*, 12 O. St. 644; *Milton v. Wacker*, 40 Mich. 229; *Edmiston v. Edmiston*, 2 O. 253; *Fass v. Seehawer*, 60 Wis. 525; *Grace v. Board of Health*, 135 Mass. 490; *Fitchburg R. Co. v. City of Fitchburg*, 121 Mass. 132; *Northampton v. Abell*, 127 Mass. 507; *Hutchinson v. City of Omaha*, 52 Neb. 345; *Johnston v. City of Oshkosh*, 21 Wis. 186.) In the case last mentioned, which involved the validity of an assessment for a local improvement, it was held that,

because there was a failure to comply with the provisions
of the statute requiring the owner of the property to be
notified and given an opportunity to do the work himself,
the tax was unauthorized and wholly void.   In the opin-
ion of the court, delivered by Dixon, J., it is said: "Every
one having had the slightest experience in such matters
knows that the right reserved to owners and occupants
to make the improvements themselves is a substantial
right and one which cannot be dispensed with without
very great danger of oppression and injustice."   And in
*Fass v. Seehawer, supra,* Lyon, J., speaking of an assess-
ment made without the statutory notice to the property
owner and an opportunity to him to do the work himself,
uses this language: "No notice being given, the board of
public works would be absolutely powerless to make a
valid contract to do the work, and thus the very ground-
work of a tax to pay for the same would be wanting."
Our conclusion is that the city council of Omaha had no
authority to grade appellant's lots and was without juris-
diction to levy the assessment in controversy and that
such assessment was and is absolutely void.

But it is urged on behalf of appellees that even if the
assessment is void no relief can be granted against them
in this action without requiring Horbach to first pay the
just and reasonable value of the improvement for which
the tax was levied.   Such is not the law.   Against a void
special assessment, no question of estoppel being in-
volved, a court of equity will always grant relief without
imposing terms.   (*Brown v. City of Denver,* 7 Colo. 305;
*Hawthorne v. City of East Portland,* 13 Ore. 271; *Bellevue
Improvement Co. v. Village of Bellevue,* 39 Neb. 876; *Smith v.
City of Omaha,* 49 Neb. 883; *Touzalin v. City of Omaha,* 25
Neb. 817; *Hutchinson v. City of Omaha,* 52 Neb. 345; *Har-
mon v. City of Omaha,* 53 Neb. 164.)

We have not overlooked the argument of counsel for
appellees that this assessment may be sustained under
section 30 of the charter of 1887 without proof that any
notice was given.   Section 30 is as follows: "The mayor

and council shall have power to make regulations to secure the general health of the city; to provide for the prevention, abatement, and removal of nuisances; to make and prescribe regulations for the location, construction, and keeping in order all slaughter houses, stock yards, warehouses, stables, or other places where offensive matter is kept, or is liable to accumulate, whether within the corporate limits or within three miles thereof; and to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health or the manufacture or vending of articles obnoxious to the health of the inhabitants; and the mayor and council are hereby authorized to abate and remove any nuisance and the cause thereof in a summary manner at the cost of the owner or occupant of the premises where the nuisance or the cause thereof may be, and for that purpose may enter upon and take possession of any premises or property where such nuisance may exist or be produced, and may collect such cost by civil action in any court of competent jurisdiction, or may assess the same against any such premises or property." (Compiled Statutes 1887, ch. 12a, sec. 30.) It will be observed that this section provides for the abatement of nuisances generally, while section 29 has special reference to the abatement of nuisances upon real estate by grading, filling, or draining the same. The latter section having made specific provision for the abatement of nuisances of the kind in question in this case must, under a well settled rule of construction, be held exclusively applicable. (*Merrick v. Kennedy*, 46 Neb. 264; *State v. City of Kearney*, 49 Neb. 325.) The judgment of the district court is reversed and judgment will be entered in this court in accordance with the prayer of the petition.

REVERSED AND DECREE FOR PLAINTIFF.