(36 South. 990.)

No. 15,028.

REDERSHEIMER v. BRUNING.*

(June 20, 1904.)

MUNICIPALITIES — CONSTRUCTION OF SIDE-
  WALKS—BANQUETTING STREETS—ORDI-
  NANCE—NOTICE TO OWNER.

1. Act No. 114 of 1886, p. 211, has reference exclusively to the repairing or regrading of

*Rehearing denied June 29, 1904.

sidewalks already in existence. Act No. 119 of 1886, p. 217, amended by Act No. 142 of 1894, p. 179, has reference to the construction of sidewalks where none existed before.

2. Authority to pave a sidewalk includes, as a necessary incident, authority to grade, curb, and drain.

3. To "banquette" a street means to construct on one or on both sides of it a sidewalk such as will conform with the city ordinances on the subject.

4. The provision of Act No. 119 of 1886, p. 217, by which, before the city council can vote to have any sidewalk constructed, it must give notice by publication of such contemplated vote, provides for a different case from that provided for by Ordinance 8422, C. S., requiring that, after the council has ordered a sidewalk to be constructed, notice of such action shall be given to the property owner in interest. Therefore the said statute and ordinance are not in conflict with each other.

5. A property owner who has not had the benefit or the notice provided for by Ordinance 8422, C. S., cannot be forced to pay for a sidewalk constructed upon his property by contract with the city.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by George Redersheimer against Henry J. Bruning. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert Lee Tullis (Buck, Walshe & Buck, of counsel), for appellant. William S. Benedict, D. B. H. Chaffe, and Francis Rivers Richardson, for appellee.

PROVOSTY, J. The plaintiff brought this suit to obtain the cancellation of the inscription of a paving certificate against his property in the office of the recorder of mortgages, whereby an apparent incumbrance was created upon the property. Defendant reconvened, asserting the validity of the certificate, and praying judgment against plaintiff for the debt, and that the privilege upon the property securing the debt be recognized and enforced. Thereupon plaintiff transferred the property to another person, Miss A. Newman, and came into court with an allegation of that fact, and of his having no longer any interest in the case, and praying

to be dismissed from the suit, and an order was accordingly so entered. Defendant acquiesced in the dismissal, and cited Miss Newman to take the place of the dismissed plaintiff, at the same time alleging that the transfer to her was a simulation. Miss Newman, without objection to the form of the proceeding, came in and answered. She prayed the annulment of the paving certificate and the cancellation of its inscription, alleging the same grounds of nullity set forth in the plaintiff's petition, and the further ground that the registry was defective, and not sufficient to create a lien as against third persons, and that therefore, as against her, it was null and operated as a cloud upon her title. After the filing of this answer the case stood exactly where it had stood on the original pleadings, except that the original defendant had become plaintiff, and a new person had been brought in as defendant, and the issue of simulation vel non had been introduced into the suit.

There are two statutes providing for the construction of sidewalks in the city of New Orleans. They are Acts No. 114 and No. 119 of 1886, pp. 211, 217. Act No. 114 requires that, before the city shall have authority to have the work done at the expense of the property holder, the latter shall be afforded an opportunity to do the work himself; in other words, that a notice shall be served upon him to do the work, and that the city may proceed to have the work done only upon his failure or refusal to commence it within the time allowed by the notice.

Act No. 119 of 1886, p. 217, as amended by Act No. 142 of 1894, p. 179, provides for a notice by publication, and adds, "no further notice being required."

The work represented by the certificates in this case was done under the provisions of Act No. 119; that is to say, after notice by publication only, without previous personal notice to the property holder.

Both acts are amendatory of the city charter.

The object of Act No. 114 is declared to be "to authorize the council to establish a uniform grade of banquettes in the city of New Orleans, and to amend the city charter," etc.

The object of Act No. 119 is declared to be "to provide for paving and banquetting streets" and to amend the city charter.

Act No. 114 authorizes no work to be done at the expense of the property holder except that of "repairing or regrading." Act No. 119 authorizes the "paving and banquetting of streets."

The work in this case was not a repairing or regrading, but the construction of a sidewalk where none existed before.

The contentions of Miss Newman are that no work can be done under Act No. 119 except that of laying the surface of the sidewalk—that is, no filling or curbing or draining can be done; that the latter work can be done only under Act No. 114; and that, therefore, the charges for filling, curbing, and draining included in the certificates must be stricken therefrom.

To our minds, the purpose and scope of each of these acts is unmistakable. Act No. 114 has reference to the repairing or regrading of existing sidewalks; Act No. 119 to the construction of sidewalks where none existed before. If it be conceded that the term "paving," used in Act No. 119, does not include filling, curbing, and draining, still everybody must concede that the term "banquetting" does include all these things; and the statute uses both terms—"paving or banquetting." To "banquette" a street can have no other meaning than to construct along the side of it such a sidewalk as is required by the city ordinances—that is, a sidewalk up to grade; and surely authority to "repair and regrade" does not include original construction. Furthermore, it is well settled that authority to "pave" includes authority to

"grade, curb, and drain." Elliott on Roads and Streets (2d Ed.) § 461, p. 473; also, see section 579, pp. 604, 605; O'Leary v. Sloo, 7 La. Ann. 25; Burgess v. City, 21 La. Ann. 143; also Lincoln St. Ry. Co. v. City of Lincoln (Neb.) 84 N. W. 802, 815; Schenley v. Commonwealth, 36 Pa. 29, 40, 46, 78 Am. Dec. 359; Dean v. Borchsenius, 30 Wis. 236, 243, 244; Williams v. City of Detroit, 2 Mich. 560, 571, 577, 579; State v. City Council of Elizabeth, 30 N. J. Law, 365; Dashiell v. Mayor and City Council of Baltimore, 45 Md. 615, 629, 630.

Ordinance of the city council No. 8422, C. S., provides as follows:

"That on and after the passage of ordinances by the city council giving notice of its intention to have the sidewalks on any street in the city of New Orleans paved under the provisions of Act 119 of 1886, notices shall be officially given to all property owners on the street sixty days prior to any further action in relation to the banquette on such streets as may be mentioned in the ordinance, excepting the publication of the ordinance according to law."

Another clause of the ordinance requires that the property holder shall be notified that the city will proceed to have the work done at his expense unless within the time fixed by the notice he has done it himself. It is noted that the ordinance seeks to afford to the property holder, under this Act No. 119, an opportunity to do the work himself similar to that extended to him by Act No. 114.

In the instant case the notice thus provided for was not given, and Miss Newman contends that under the express terms of the ordinance the executive officers of the city were without authority to proceed to have the work done at the expense of the proprietor, prior to the giving of such notice, and that consequently he or his vendee cannot be made to pay for it.

There can be no doubt of the correctness of that contention if the ordinance is valid; but plaintiff argues it is not, because in conflict with Act No. 142 of 1894, p. 179, amendatory of Act No. 119 of 1886, p. 217, providing that notice shall be given by publication, "no further notice being required."

The provision of Act No. 142 is as follows:

"That a two thirds vote of the city council shall be necessary to pass any paving or banquetting ordinance; and whenever the council shall deem it necessary to take such action, notice of said intention shall be published in the official journal once a week for four weeks, no further notice being required."

We find no conflict between the ordinance and the statute. The notice provided for in the statute has reference to the intention of the council to order the construction of the sidewalk. Its object is to afford the property holders an opportunity to be heard before the council in opposition to the ordering of the work. On the other hand, the notice provided for by the ordinance has reference to a notice to be given after the council has ordered the work to be done. The statute and the ordinance provide for entirely different cases. We think this ordinance was binding on the executive officers of the city, and deprived them of all authority to proceed in the matter, otherwise than in the manner prescribed. The words "no further notice being required" cannot be construed into a limitation upon the powers of the city council to prescribe the manner in which the executive officers of the city should have to proceed to have the work done. This provision evidently means nothing more than that the city council shall not be under the obligation to give any other notice than that provided for in the act. It would be a strange law which, without any earthly reason, would prohibit the city council to adopt an ordinance such as this, conducive alike to the economical administration of the affairs of the city and to the protection of the property holder from the quasi spoliation of public contract work.

Judgment affirmed.