ELIZABETH E. SHANNON ET AL., APPELLANTS, V. CITY OF OMAHA ET AL., APPELLEES.

FILED JUNE 30, 1904.   No. 13,447.

1. Nuisance: ABATEMENT: NOTICE. Where a city of the metropolitan class seeks to abate a nuisance consisting of stagnant water standing upon vacant lots, and where the statute and ordinance require that notice be given to the owner and an opportunity be given him to perform the work himself, the city authorities have no power or jurisdiction to proceed with the improvement until such notice and opportunity have been given.

2. Notice. BOARD OF EQUALIZATION. Where a statute requires that notice be given for "at least six days prior" to the meeting of the city council as a board of equalization, the notice must be given during the six days immediately prior to the date of the meeting.

3. ———: CITY OFFICIAL. The fact that the city attorney is the owner of lots which the city seeks to charge with a special assessment does not necessarily charge him with notice of the action of the various boards and officers of the city with reference to such lots.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE.  Reversed.

*Franklin J. Griffen* and *Richard S. Horton*, for appel-
lants.

*C. C. Wright* and *W. H. Herdman*, contra.

LETTON, C.

This action was begun in the district court for Douglas
county by Elizabeth E. Shannon and others, to enjoin the
collection of certain special assessments levied to pay the
expense of filling four lots owned by plaintiffs, the city of
Omaha having by ordinance declared the lots to be a
nuisance, by reason of the accumulation of stagnant water
thereon. From a decree rendered dismissing the action
for want of equity the plaintiffs prosecute this appeal.
They rely upon the following points: First, that no notice
was given to the owner of the premises before the alleged
nuisance was abated; second, that the nuisance, if any,
was created by the city, and that signing the petitions for
grading by the then owner of the lots did not create an
estoppel; third, that no legal notice of equalization was
given, and, fourth, that no legal equalization was ever had.

It appears that on the 19th day of April, 1893, an ordi-
nance was passed by the city council of the city of Omaha,
the provisions of which are substantially as follows so
far as pertains to the premises in controversy: Section 1.
The present condition of the following lots and lands
is hereby declared to be a nuisance, by reason of the
existence of stagnant water upon the same or banks of
earth caving over adjacent sidewalks: Lot 10, block 20,
Poppleton Park, and lots 9, 10, 11, block 10, Poppleton
Park.

Section 2 provided for notice in writing to be served
upon the owner, occupant or agent of any lot upon which
any of said nuisances may be found; fixed a date for hear-
ing before the board of public works regarding the same,
and provided for a notice by publication, if the owner,
occupant or agent is unknown or can not be found.

As to lot 10 in block 20 the only testimony upon the subject of notice to the owner of the hearing before the board of public works as required by the ordinance is the fact that Exhibit 5 which purports to be a notice directed to A. J. Poppleton notifying him to abate the nuisance upon said lot within 60 days, and of the time and place of the session of the board of public works at which he might be heard in regard to said nuisance, was found among the files of the office of the board of public works, and that no other notice or notices of any kind served upon the owner of said lot was found in that office after a search made by the secretary of said board. The evidence shows that A. J. Poppleton was at the time of the passage of the ordinance the owner of this lot, and that he was a resident of the city of Omaha. There is nothing in the record showing any service of this notice, nor any proof whatever in regard to the service of any notice of any kind upon Mr. Poppleton with reference to this hearing. The giving of this notice was a jurisdictional prerequisite to the taking of any action by the board of public works with reference to the abatement of the nuisance. No notice having been given, the subsequent proceedings with reference to this lot were without authority of law and void. *Horbach v. City of Omaha*, 54 Neb. 83.

As to the lots in block 10, a similar notice was produced by the secretary of the board of public works. Below this notice and upon the same appeared the following words: "Please do the work at once and charge to property. A. J. Poppleton. S." The evidence shows that these words and signature were written upon the notice by one F. J. Sutcliffe. Mr. Sutcliffe testifies that he was in the employment of A. J. Poppleton during part of 1892. That it was his duty to have charge generally of his properties throughout the city and that he handled generally the properties. That it was his custom to look after all properties of Mr. Poppleton. That he looked after the repairs and improvements and took general charge of the property. From this evidence we are satisfied that Mr. Sutcliffe at the time he

wrote the order upon the notice was such an agent of Mr. Poppleton with reference to this property, that notice under the ordinance might properly be served upon him, and that the evidence is sufficient to show a compliance with the requirements of the ordinance as to notice.

It appears that a notice of the sitting of the council as a board of equalization to equalize a proposed levy to defray the cost of filling said lots was published in the Omaha Daily World-Herald and in the Omaha Daily Bee, two newspapers printed in the English language, 7 consecutive days next after and including the 14th day of March, 1893, and was also published in the Omaha Daily and Weekly Tribune, a newspaper printed in the German language, on the 14th, 15th, 16th, 17th, 18th, and 20th of March, 1893. Notice in the German newspaper was printed in the English language. The statute required this notice to be published for at least six days prior to the meeting of the board in three daily papers of the city. It appears that the Daily Bee and World-Herald were the only daily papers printed in the English language in the city. In the case of *John v. Connell*, 71 Neb. 10, it is said, in applying this statute to a similar state of facts: "The requirement of the rule as to publication of notice in the English language is met by the publication in both dailies printed in that language, they being all the daily publications in the city printed in English. The legislature hardly contemplated an impossibility, nor that a publication of the notice in English in a German daily paper should be had in order to comply with the statutory requirement." It would seem therefore that the requirements of the statute as to the papers in which the notice should be published have been complied with.

In *Leavitt v. Bell*, 55 Neb. 57, the phrase in the statute "for at least 6 days prior," is construed by the court and it is therein held that "the word 'for' in that phrase means 'during,' and the phrase must be construed as though it read, that the city council shall give notice of its sitting as a board of equalization at least during the 6 days im-

mediately prior to the date of its so convening." According to this rule the notice should have been published for the 6 days immediately prior to the 24th day of March and this not having been done the notice was invalid.

If there was no proper and legal notice given of the time and place of the meeting of the board of equalization, it had no jurisdiction to act and its action was a nullity. For this reason the action of the board and the levy of the special tax complained of by the plaintiffs were of no force. *Wakeley v. City of Omaha*, 58 Neb. 247.

Since no brief has been furnished by the appellee, we are unable to ascertain upon what ground the trial court dismissed the pleadings for want of equity. It appears that Mr. Andrew J. Poppleton was city attorney of the city of Omaha at the time of these proceedings. But it could hardly be presumed that he was cognizant of the proceedings of every one of the city's various departments. The request to proceed with the work made by his agent, Sutcliffe, at most can only be presumed to be a request to proceed with the work in a legal and authorized manner and cannot be urged as an excuse for a failure to comply with the statutory prerequisites to jurisdiction to levy the tax. For these reasons we recommend that the judgment of the district court be reversed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.

HOLCOMB, C. J.

I do not agree to the proposition announced in the second paragraph of the syllabus.