STATE v. ADER E. FOSTER.[1]

April 14, 1905.

Nos. 14,391—(19).

**Village Sewer.**

> Villages organized under the general law have no power to construct or contract for the construction of sewers until the property owners have an opportunity to perform the work themselves, as provided by chapter 167, p. 215, Laws 1901.

In proceedings in the district court for Blue Earth county to enforce payment of delinquent general and special taxes upon real estate for the year 1902, defendant interposed an answer raising objections to the special tax. The case was tried before Lorin Cray, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*C. J. Laurisch,* for appellant.

*U. G. Argetsinger,* for respondent.

LEWIS, J.

Proceedings to enforce the payment of special assessment upon certain real estate in the village of Mapleton. October 14, 1901, the village council adopted a resolution to construct a public drain on certain streets within the village, which provided that the work should be completed not later than July 1, 1902. Having been duly authorized, the village recorder advertised for bids, and the bid of one Staede for the construction of the entire sewer was accepted by the council; and, pursuant to authority conferred by it, the president of the council and the village recorder entered into a contract with him un-

---

[1] Reported in 103 N. W. 14.

der date of November 14, 1901. The subsequent proceedings were carried out, and the assessment against defendant's premises was put in issue by answer in the tax proceedings. The assessment was attacked upon the ground that the resolution and amendments thereto were not legally adopted or recorded; that no notice was ever given the owner of the premises to construct the sewer, and no opportunity was given such property owners to do so before the contract for its construction was entered into on behalf of the village. Objection was also raised to the validity of the proceedings to assess benefits.

Section 2, c. 167, p. 216, Laws 1901, provides that the resolution authorizing the construction of such an improvement shall be served upon the persons named in the resolution (property owners affected) at least forty days prior to the time therein named for the completion thereof. Section 3 provides that, if the work shall not be fully done or constructed in the manner and within the time prescribed in the resolution, then the village council may order the same to be done by the commissioner of public works, or cause the same to be done by contract let to the lowest responsible bidder. Then follows a provision that, within thirty days after the village shall have completed the construction of the work, a hearing shall be had to determine the benefits to property fronting thereon. The village authorities had no power to cause any such improvement to be made, except under the provisions of chapter 167, p. 215, Laws 1901. The resolution authorizing and directing the execution of the improvement must state a time within which it shall be completed. If the property owners do not, within the time prescribed in the resolution, complete the work, then the village council may cause it to be done, either through its commissioner of public works or by contract.

From these provisions it is clear that the legislature reserved to the owners of the property fronting on the improvement the right of constructing or causing to be constructed the improvement, before the village should have any authority to proceed therewith. In this case the village authorities did not wait until after the time fixed for the completion of the work, July 1, 1902, but immediately after adopting the original resolution proceeded to advertise for bids, and let the contract under which the work was subsequently done. The objections made by defendant property owner were fatal to the proceedings. No

opportunity was ever given defendant and the other property owners to construct the work prior to the time the village entered into the contract, and, at the time such contract was entered into by the village, it was without authority, and the proceedings were void. It is unnecessary to discuss the other objections.

Judgment affirmed.