(73 South. 681)

No. 22003.

## CITY OF SHREVEPORT v. RILEY.

(Oct. 16, 1916.    Rehearing Denied Jan. 15, 1917.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ⬥303(1)—SIDE-WALKS—ORDINANCES REQUIRING CONSTRUCTION—NOTICE.

Where the statute authorizing a municipal corporation to have sidewalks constructed or graded at the expense of the owners of the abutting property does not provide for any form of notice to such property owners, and the munici-pal ordinance adopted in pursuance of the statute declares that the promulgation of the ordinance shall be sufficient notice to the property owners affected thereby, the ordinance does not violate the statute authorizing its enactment nor violate any constitutional or fundamental right of the property owners by failing to require notice to be served on them personally.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 808, 821; Dec. Dig. ⬥303(1).]

Certiorari to Court of Appeal, Second Circuit.

Proceedings by the City of Shreveport against James Riley for the construction of concrete sidewalks. Application by defendant for certiorari or writ of review to the judgment of the Court of Appeal, Second Circuit, Parish of Caddo. Writ denied, and judgment upheld.

Blanchard & Smith, of Shreveport, for applicant.    Lewell C. Butler, City Atty., of Shreveport, for City of Shreveport.

O'NIELL, J.    The city council of Shreveport adopted an ordinance requiring the construction of concrete sidewalks on Luchini street between Pierre avenue and Allen avenue.

The ordinance was enacted under authority of section 16 of Act No. 158 of 1898, the charter of the city of Shreveport, which section of the charter provides:

"That, whenever the owner or owners of the property in front of which a sidewalk, banquette, or other walk shall have been ordered to be made, filled up, graded or repaired, shall fail to do so within the time required by ordinance or resolution of the council, the council shall order the same to be done at the expense of the owner or owners of said property, and the city shall have a special lien and privilege on said property to secure the payment so due. *  *  *"

The ordinance enacted by the city council is as follows:

"Be it ordained by the city council of the city of Shreveport, in legal and regular session convened, that the abutting property owners on Luchini street, between Pierre avenue and Allen avenue, be and they are hereby required to construct concrete sidewalks and curbs opposite their respective lots, said sidewalks and curbs to be laid in accordance with plans heretofore

adopted by the council and on file in the office of the city engineer.

"Be it further ordained, etc., that the city engineer, on application of any abutter or contractor, shall place stakes showing the grade of such sidewalks and curbs, and that the property owners shall begin the construction of such sidewalks and curbs within twenty days from the promulgation of this ordinance and push work to prompt completion.

"Be it further ordained, etc., that the promulgation of this ordinance shall be sufficient notice to the said abutters to do the above work, 'and, on their failure to begin same within time provided, the commissioner of streets and parks is hereby authorized to have said work done at the expense of said abutting property owners."

The defendant, a resident of the parish of Caddo, failed to construct a sidewalk in front of the property owned by him on Luchini street between Pierre avenue and Allen avenue, in the city of Shreveport. After the expiration of the time given in the second paragraph of the ordinance, the commissioner of streets and parks had the sidewalk constructed in front of the defendant's property, as authorized by the third paragraph of the ordinance; and, on his refusal to pay the cost of the work, the city of Shreveport brought this suit for the debt.

The defense was and is that the promulgation of the ordinance in the official journal was not such notice as the defendant was entitled to have of the intention of the municipal authorities to construct the sidewalk at his expense and impose the lien or local assessment upon his property. His contention was and is that he was entitled to have written notice served upon him personally, in the absence of a statutory provision declaring any other form of notice sufficient. Judgment was rendered against him in the district court, and on appeal to the Court of Appeal the judgment was affirmed. The case is before us on writs of certiorari and review.

The learned counsel for the defendant refer us to a long line of authority in support of the proposition, of which there seems to

be no dispute, that, when a statute or ordinance requiring the construction of sidewalks and levying a local assessment on the abutting property requires the giving of notice to the owner of such property, but does not state the form of the notice, personal service of a written notice to the proprietor is intended.

The section of the statute, the charter of the city of Shreveport, authorizing the city council to enact the ordinance that was adopted in this instance, does not expressly provide that notice of the intention to enact such an ordinance or to do the paving shall be given to the owners of the property abutting the sidewalks to be constructed, paved, graded, or repaired. Promulgation of the ordinance in the official journal was therefore all that the law required to put the ordinance into effect as to all persons affected by it. As a general proposition the law does not require that any individual shall have actual notice of its provisions. The argument of the learned counsel for the defendant confuses the notice of the adoption of the ordinance with the notice required by the ordinance to be given to those who are specially affected by it. In this case the notice required to be given to the owners of the property abutting the sidewalks to be constructed is expressly provided for in the ordinance. The provision is that the promulgation of the ordinance shall be sufficient notice to the owners of the property abutting the sidewalks to be constructed, and that, on their failure to begin the work within 20 days from the promulgation of the ordinance and to prosecute the work to prompt completion, the commissioner of streets and parks shall have authority to have the work done at the expense of the owners of the abutting property. Hence the law to the effect that, when the statute or ordinance does not declare what form of notice shall be

given, actual notice is required, has no application to this case. The rule applicable to this case is that, when the statute or the ordinance does declare what form of notice shall be given, that form alone is necessary and sufficient.

In the case of Redersheimer v. Bruning, 113 La. 343, 36 South. 990, it was observed that the notice required by the Act No. 119 of 1886 of the intention of the city council to adopt an ordinance for the paving of sidewalks at the expense of the owners of the abutting property was not to be confused with the notice which the ordinance required to be given to the property owners after the council had ordained that the work should be done. In that case the statute provided for notice to the owners by publication, declaring "no further notice being required." It was held that the expression "no further notice being required" could not be construed into a limitation of the powers of the city council to prescribe the manner in which the municipal officers should have to proceed to have the work done.

Act No. 158 of 1898, the charter of the city of Shreveport, does not contain any limitation or restriction upon the municipal council to prescribe the form of notice to be given to the owners of the property abutting the sidewalks to be constructed, as a condition precedent to the authority of the commissioner of streets and parks to have the work done at the expense of the property owners. Hence the constructive notice provided for in the ordinance did not violate any provision of the statute authorizing the enactment of the ordinance; and it is not contended that dispensing with any and all other forms of notice violated any constitutional or fundamental right of the defendant.

The judgment is affirmed.

See concurring opinion of PROVOSTY, J., 73 South. 683.