## KINGFISHER IMPROVEMENT CO. v. CITY OF WAURIKA et al.

No. 14363—Opinion Filed Nov. 13, 1923.

Rehearing Denied Dec. 11, 1923.

(Syllabus.)

1. **Municipal Corporations — Sidewalks — City's Jurisdiction to Construct on Default of Owner—Notice.**

The notice required by section 4630, Comp. Stat. 1921, of the resolution of necessity for construction of sidewalk, when served by the officer designated by the council or other governing body, gives the city authorities jurisdiction to construct the walk, and levy the assessments to pay therefor, in the event of failure of the owner to do so as provided by the statute.

2. **Same.**

Such notice served on the secretary of a corporation, the property owner, when the president was not found in the county in the instant case, and corporation appeared before the council by reason of such notice, and sought apportionment of the cost of construction of the walk to another alleged property owner, held, the property owner cannot assert insufficient service to give jurisdiction to construct the walk.

3. **Dedication—Dedication of Streets by Conveyances.**

The plaintiff corporation owned the lot in front of which the defendant city sought to have constructed a sidewalk under authority of article 13 of chapter 29, Comp. Stat. 1921, which fronted on Meridian street. It had theretofore owned many other lots near it and fronting on same street which had been sold by plaintiff corporation to divers persons, and described "according to the recorded plat thereof," which showed the street fronting the lot in question. Held, such conveyances were tantamount to a dedication of the streets to the public, whether accepted or not.

4. **Judgment Approved.**

Record examined, and held, that the judgment of the trial court denying injunction against the city, preventing the construction of the sidewalk, and levying the statutory assessment against the lot to pay therefor was proper, and is affirmed.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Suit by the Kingfisher Improvement Company against the City of Waurika and another. From a judgment denying an injunction, plaintiff appeals. Affirmed.

E. E. Blake and Bridges, Vertrees & Anderson, for plaintiff in error.

Robert E. Pruet and Guy Green, for defendants in error.

BRANSON, J. The plaintiff in error, the Kingfisher Improvement Company, a corporation, sought, as plaintiff, an injunction against the city of Waurika, a municipal corporation, and C. H Edwards, the contractor, preventing construction of a sidewalk in front of "outlot 9," of the defendant city, and an assessment to pay therefor. This was denied on the trial, from which this appeal is taken. The said lot fronted on Meridian street. The eastern boundary here of Oklahoma Territory was the Ninety-eighth meridian, and 33 feet of ground immediately west of this meridian running north and south had been by the original survey a section line and was made a public highway; west of this street is the defendant city, of which "outlot 9" is a part of its official plat. In August, 1902, the plaintiff corporation became the owner of several lots, of which the lot in question was one—all of which lots showed on the official plat as fronting on said Meridian street. Of the lots so fronting on Meridian street, the plaintiff, at the time of bringing this suit in November, 1922, was the owner of this one only, the others having theretofore been sold by the plaintiff to divers purchasers. The recorded or official plat showed the said 33-foot strip as a street, known as Meridian street, and the conveyances made by plaintiff to other lots fronting on said street described the lots by number "situated in the town of Waurika, according to the recorded plat thereof."

Plaintiff's first contention is that the place of the proposed sidewalk ordered by resolution of the city authorities was across the private property of the plaintiff and an attempt to take same for public use without just compensation for that, to wit, that in September, 1902, the county commissioners of Comanche county, in which Waurika was then located, entered an order vacating the said section line road ( or street as shown on plat) lying east of said lot and west of the Ninety-eighth meridian, and thereupon this roadway, reverted to adjacent lot owners which extended automatically said "outlot 9" in width 33 feet east to the said meridian and the roadway thereby became plaintiff's property.

The record does not bear out this contention, for that it fails to show that, even if the commissioners initiated such purpose, it was not carried out by compliance with the law. Sec. 4487, Comp. St. 1921, But irrespective of this, plaintiff by his own acts had dedicated this strip to the public for street purposes, after the alleged action of the county commissioners, for that they had sold many lots as above set out by reference to the recorded plat which showed the street, and such acts constitute a dedication of the street, even if it had been theretofore owned by the plaintiff. 18 C. J. 60: Wallace v. Cable, 87 Kan. 835, 127 Pac. 5, 42 L. R. A.

(N. S.) 587; 13 Cyc. 455; Kee v. Satterfield, 46 Okla. 660, 149 Pac. 243.

The next contention of plaintiff, as found in brief, is that the Rock Island Railway was a part owner of "outlot 9," and that it was not made a party to the statutory proceeding through the compliance with which the sidewalk was sought to be laid and assessment made. The plaintiff's petition disposes of this by its allegation that plaintiff owns the lot in question.

Plaintiff again complains it was not served as provided by section 4715, Rev. Laws 1910, with notice to construct walk within 30 days, etc., as per section 4630, Comp. St. 1921, after the resolution of necessity (Comp. St. 1921 § 4629) had been passed, for that the president of the corporation was in the county, and service was made on the secretary. It appears that one T. B. Kelly was president, and E. J. Kelly was secretary and principal managing officer of plaintiff. We think that, on failure to find the president in the county, the return so showing service on the secretary was sufficient, but whether technically served in compliance with service process on corporations or not, the only purpose of such service is that the owner may know the action of the city authorities as to the necessity of such sidewalk, and avail itself of the right to build it, and thus obviate the necessity of the city letting the contract; and, following the service so made herein, plaintiff through its active officers appeared several times before the city council, and prayed certain other acts and apportionment of expense to arise by reason of building the walk. Having so appeared, we do not think plaintiff can in good grace interpose complaint as to the service being had upon the secretary. The service so made was by an officer designated by the council, and this meets the requirements of the statute. Section 4630, Comp. St. 1921.

Plaintiff again complains that the contractor, Edwards, was interested in such contract work with one of the members of the city council. Such fact was not only not sustained, but negatived by the finding of the trial court, and it is not against the clear weight of the evidence. Voriss v. Robbins, 52 Okla. 671, 153 Pac. 120; Tracy v. Norveil, 81 Okla. 94, 196 Pac. 929; Hogan v. Grimes, 78 Okla. 184, 189 Pac. 353.

Plaintiff finally complains that the assessment for the sidewalk is made against the adjoining property, without regard to benefits. This was a matter for the Legislature, and it assumed the burden in unambiguous language brought down in Comp. St. 1921, art. 13, c. 29, and we concur with the trial court that the provisions thereof have been sufficiently complied with in the instant case.

The judgment of the trial court denying the injunction is therefore affirmed.

McNEILL, NICHOLSON, COCHRAN, and MASON, JJ., concur.