### CITY OF DUNCAN v. RIVIERE.

No. 17007—Opinion Filed Oct. 19, 1926.

Rehearing Denied Nov. 30, 1926.

**Municipal Corporations — Assessment for Sidewalk Construction— Liability of Owner of "Parcels of Land in Front of or Alongside."**

Where a municipality undertakes sidewalk construction in front of and along the north side of certain parcels of land described as the north 60 feet of lots 12, 13, 14, 15, and 16 in block 142 of said municipality, the owner of the described north 60 feet of said lots is the owner of lots, pieces or parcels of land in front of, or alongside of, which such improvements are to be made in contemplation of section 4630, C. O. S. 1921, and the cost of constructing said sidewalks is properly chargeable against the north 60 feet of said lots to the exclusion of the south 80 feet thereof.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by C. H. Riviere against the city of Duncan, to prevent the defendant from constructing certain sidewalks. A permanent injunction was granted plaintiff, and defendant appeals. Reversed and remanded.

J. W. Marshall, for plaintiff in error.

Sitton & Lewis, for defendant in error.

Opinion by FOSTER, C. The defendant in error, C. H. Riviere, as plaintiff, sought an injunction against the city of Duncan, a municipal corporation, as defendant, preventing the construction of a sidewalk on the south side of Walnut avenue in said city of Duncan, in front of the north 60 feet of lots 12, 13, 14, 15, and 16, in block 142 of the defendant city, and an assessment to pay therefor.

The injunction was granted on the trial of the case, from which the plaintiff in error prosecutes this appeal. The defendant in error alleged in his petition that he was the owner in fee of the north 60 feet of lots 12, 13, 14, 15, and 16, in block 142 of the city of Duncan, and he obtained the injunction on the ground that the plaintiff in error was illegally threatening to charge the entire cost of the sidewalk against the north 60 feet of said lots instead of assessing cost of said improvements to the entire lots as shown by the recorded plat of the city of Duncan, the south 80 feet of which were owned by other parties.

The undisputed facts as disclosed by the record are: That the defendant city passed a resolution of necessity for the construction of the sidewalk along the south line of Walnut avenue in the city of Duncan, fronting the lots in question on the north, pursuant to which notice was given to the defendant in error to construct the sidewalk within 30 days as required by section 4630, C. O. S. 1921. The defendant in error failing to construct the sidewalk within 30 days, as required by the aforesaid notice, the city of Duncon proceeded to let the contract for the construction thereof based upon approved estimates of cost of construction.

It appears that Walnut avenue is a street running east and west in front of lots 12, 13, 14, 15, and 16, and that the defendant in error is the owner of the north 60 feet of lots 12, 13, 14, 15, and 16, in block 142 of said city, and that the south 80 feet thereof is owned by other parties; that Walnut street is on the north side of said described lots, the lots facing northwards on said street; that Ninth street runs north and south, and intersects with Walnut street, and extends along the west side of lot 16, which is a corner lot, being the northwest corner lot of block 142; that the defendant in error owns all of lot 11, and owns a building located on the said lot 11, and on the north 60 feet of lots 12, 13, 14, 15, and 16; that the front entrance of said building is to the west, opening on Ninth street, but there is another opening on Walnut street; that the owner of the south 80 feet of lots 12, 13, 14, 15, and 16 had buildings opening to the west on Ninth street, but has no outlet or connection on the north side upon Walnut street; that the 60 feet of ground consisting of the north 60 feet of lots 12, 13, 14, 15, and 16, is occupied and owned by the defendant in error, and lies between the south 80 feet of said lots and

said Walnut street; that the sidewalk in controversy is on the south side of said Walnut avenue, and extends from the intersection of Walnut avenue and Ninth street, along the side of and in front of lots 11, 12, 13, 14, 15, and 16.

The trial court, in granting the injunction, in effect, held that the cost of the construction of the sidewalk in question should be charged against the property as shown by the recorded plat of the city of Duncan, or against lots 12, 13, 14, 15, and 16 in their entirety, instead of being charged against the north 60 feet thereof. It is contended by the plaintiff in error that this judgment is contrary to the law and not supported by the evidence in the case. The correctness of the judgment of the trial court turns upon the proper construction to be placed upon certain sections of chapter 29, art. 13, C. O. S. 1921, conferring power on cities and towns to construct sidewalks, and providing the procedure to be followed in such construction. It appears that the identical question here presented for review has never been passed upon by this court.

Briefly stated, the statute under consideration requires a notice to be served personally upon the owner of the lots adjoining the proposed improvement, or, as stated in the statute, upon the owner of the "lots, pieces or parcels of land in front or alongside of which such improvements are to be made."

Defendant in error admits in his petition that he was the owner of the north 60 feet of the lots in question, and there was no other owner whose lots joined the proposed improvements upon whom notice could be served, because the owner of the south 80 feet was separated from the improvement by an intervening space of 60 feet, and hence his property did not adjoin or lay alongside the proposed improvement.

The description under which the defendant in error claimed ownership of the property was obviously not deemed insufficient by him for such purpose, and was effectual to vest the separate ownership of the piece or parcel of land described as the north 60 feet of said lots in him to the exclusion of all other persons, and undoubtedly fitted the terms employed in the statute as "lot, piece or parcel of land in front of or alongside of which such improvements are to be made."

It would appear then that the city authorities of Duncan, in notifying defendant in error of the proposed improvement, followed literally the requirements of the statute

because the proposed improvements did not adjoin or lie alongside of the south 80 feet of said lots.

The argument is advanced that it was the intention of the Legislature, in the enactment of the statute in question, to require cities and towns in levying special assessments for sidewalk construction, to conform to the subdivisions as shown upon the recorded plat of the city and to ignore lots, pieces, or parcels of ground not shown thereon and created subsequently to the filing of such plat. We cannot agree with this contention.

If it had been the intention of the Legislature to require cities and towns in constructing sidewalks to charge the cost thereof against the lots, pieces, or parcels of land only as shown by the recorded plat of the town, it would have said so in unmistakable language, and would undoubtedly have added after the words "lots, pieces or parcels of lands" the words "as shown by the recorded plat of the city."

To adopt the construction of the statute insisted on by the defendant in error would make it necessary for this court to introduce into the statute language which the lawmakers omitted, and, consequently, to give to the statute a meaning and effect not authorized by the fair import of the language used.

It is contended by the defendant in error that disastrous results must follow the interpretation of the statute herein adopted, making it a hazardous matter for municipal corporations to undertake sidewalk construction. This, however, is a legislative problem with which the courts are not concerned.

In Kingfisher Improvement Co. v. City of Waurika, 96 Okla. 83, 220 Pac. 919, it was held that assessments for sidewalks should be made against the adjoining property without regard to benefits. Under this decision it would appear that the owners of noncontiguous lots or parcels of land would not be liable for any part of the costs of the construction upon the theory that they might be benefited by the improvements.

No issue was raised in the petition as to the irregularity of the proceedings employed by the city of Duncan, in constructing the sidewalks in question and levying the assessments therefor, and since such proceedings are presumed to be regular, the argument that the statute providing for special assessments have not been strictly followed in the instant case is not for our consideration. Seminole Townsite Co. v. Town of Seminole, 35 Okla. 554, 130 Pac. 1098; Crawford v. Cassity, 78 Okla. 261, 190 Pac. 412.

It follows from the views herein expressed that the judgment of the trial court must be reversed, and the cause remanded, with directions to dismiss plaintiff's action.

By the Court: It is so ordered.