## WHITE v. BUZAN, County Treas.

No. 18030. Opinion Filed May 1, 1928.

(Syllabus.)

1. **Municipal Corporations—Construction of Sidewalks at Expense of Owner—Statutory Requirements—Resolution of Necessity and Notice to Owner.**

Under article 13, ch. 29, C. O. S. 1921, prescribing procedure for the construction of sidewalks by a city or town, and levying special assessments upon abutting lots; and providing for service of notice upon the owner, if he be a resident of such municipality, to construct such sidewalk within 30 days, and upon his failure so to do, such municipality will have such improvements made and charge the expense thereof to such property, the municipality is without power to construct such walks and charge the expense thereof to the abutting lots without the adoption of the resolution declaring it necessary provided for by section 4629, and the service of the notice upon the owner provided for by section 4630. The owner in the latter section means the owner as of the date of the service of the notice.

2. **Same—Invalidity of Special Assessments for Lack of Notice to Owner.**

Special assessments levied by a municipality without the service of such notice upon the owner of the lot or piece or parcel of land sought to be charged thereby are invalid.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by H. P. White against Harry

Buzan, County Treasurer of Osage County. Judgment for defendant, and plaintiff brings error. Reversed.

H. P. White, in pro. per.

C. K. Templeton, County Atty., and A. N. Murphy, City Atty., for defendant in error.

DIFFENDAFFER, C. This was an action brought by the plaintiff in error, hereinafter referred to as plaintiff, against the defendant in error, hereinafter referred to as defendant, to enjoin the sale of lot 12, block 7 in the original town site of the city of Pawhuska at a tax resale advertised to be held on April 19, 1926.

The grounds relied upon by plaintiff for an injunction were, in substance, that the defendant, as county treasurer of Osage county, was about to sell the lot above mentioned at resale for failure of plaintiff to pay certain sidewalk assessments attempted to be assessed against said lot for the construction of a sidewalk by the city of Pawhuska during the year 1920.

It appears that plaintiff had refused to pay special assessments against said lot, which had been certified to the county treasurer of Osage county, and the lot sold to the county. for the assessment due in the year 1921, and that the assessments due. in 1922 and 1923 were indorsed on the certificate; that the said tax sale certificate had been held by the county for two years. The defendant had advertised and was about to sell the lot in question at resale on the 19th day of April, 1926. When this action was brought to enjoin the sale, plaintiff tendered and offered to pay the ad valorem taxes assessed against and due on said lot, but the county treasurer refused to accept the same, without the payments of the special assessments, which plaintiff claimed were invalid.

At the final hearing, the temporary restraining order, which had been granted, was dissolved, and judgment rendered for the defendant, from which judgment this appeal is brought.

The single question involved in this action is, whether or not the special assessments attempted to be levied against said lot for the construction of the sidewalk were valid. The grounds relied upon by plaintiff are that no notice was served upon the owner of the lot to construct the sidewalk, as is required by section 4630, C. O. S. 1921.

The facts as shown by the evidence are substantially as follows: On March 31, 1919, a resolution was passed by the board of commissioners of the city of Pawhuska in substantial compliance with the provisions of section 4629, C. O. S. 1921, declaring it necessary to construct the sidewalk in controversy. At that time, R. H. Grinstead was the owner of the lot in controversy. On April 12, 1919, a warranty deed transferring said lot from Grinstead to one William Bawbell was filed of record. On April 17, 1919, notice substantially in compliance with the requirements of section 4630, supra, was served by one R. W. Cooper upon Grinstead. On May 26, 1919, a resolution was passed directing the city engineer to prepare estimates for the construction of a sidewalk. On November 8, 1919, the lot was transferred from Bawbell to A. S. Wright. On January 10, 1920, Wright conveyed the lot to H. R. Duncan. On February 17, 1920, Duncan conveyed the lot to plaintiff. On July 19, 1920, a contract was awarded by the city to one W. F. Fryer, and on October 16, 1920, the assessments complained of were levied.

The only proposition argued by plaintiff is, that the court erred in denying the injunction and in rendering judgment in favor of defendant. He says in his brief that the main proposition is that the city of Pawhuska did not acquire jurisdiction to lay the sidewalk in question, and charge same to the adjoining property, and levy a special assessment to pay same. The defendant conceded that this is the only question to be determined, and says in his brief:

"On the outset, the defendant in error will admit that, as a matter of law, injunctive relief will be granted where the assessment was made without the city obtaining jurisdiction."

Under this concession, the remedy is not in question here.

Section 4629, C. O. S. 1921, provides:

"Whenever the city council, board of trustees, or other governing body of such city or town, shall deem it necessary to construct, reconstruct, raise, lower or widen sidewalks along, or upon any street in any such city or town, such governing body shall by resolution declare it necessary to make such improvements, and such resolution shall state in general terms the specifications for, and location of, such sidewalks or alterations thereof; provided. that an established grade has not been previously adopted by the municipality."

Section 4630 provides that, upon the adoption of the resolution, it shall be the duty of the officer designated by the governing body to serve personally the owner of the lots, pieces or parcels of land, the front

or along side of which such improvements are to be made if such owner is a resident of such municipality, to construct * * * such sidewalk in accordance with such resolution within 30 days from date of such notice, and that if he fails so to do within such time, such municipality will have such improvements made, and charge the expense thereof to such property, making the same a special lien thereon. * * *

The general rule, with reference to assessment, is stated in 28 Cyc. 963, as follows:

"If it is provided by statute that the abutting owner be given an opportunity to make an improvement before the same be made by the city and the cost assessed to him, failure by the city to give the property owner an opportunity to make a proposed improvement will defeat an assessment levied against him or may invalidate the contract for the improvement."

And, further, 28 Cyc. 964, as follows:

"Notice to property owners to make the proposed improvement is usually required, and is a condition precedent to letting a contract by the city."

In State v. Foster, 94 Minn. 412, 103 N. W. 14, it was held:

"Villages organized under the general law have no power to construct or contract for the construction of sewers until the property owners have an opportunity to perform the work, themselves, as provided by chapter 167, p. 215, Laws 1901."

To the same effect is Newbery v. Fox, 37 Minn. 141, 33 N. W. 333. In Horbach v. City of Omaha (Neb.) 74 N. W. 434, it was held:

"But, where the owner of the land is entitled by the terms of the statute to notice, and an opportunity to do the work himself, the city authorities have no jurisdiction to proceed with the improvement until such notice and opportunity have been given."

"When the statute in such cases requires notice to the owner, and no notice is served, an assessment against his property to defray the expense of grading and filling the same is wholly void, and will be canceled as a cloud on his title."

And in Horbach v. City of Omaha, supra, Mr. Justice Sullivan quotes, with approval, the following from Fass v. Seehawer, 60 Wis. 525, 19 N. W. 533:

"No notice being given, the board of public works would be absolutely powerless to make a valid contract to do the work, and thus the very groundwork of a tax to pay for the same would be wanting."

In Pittsburg v. Biggert, 23 Pa. Sup. Ct. Reps. 540, it is said:

"In the absence of waiver or ground of estoppel, notice seems to be as essential to the imposition of the duty to make the improvements as the enactment of the ordinance; and where there is no duty, there can be no default, and, therefore, no consequent duty to reimburse the municipality for the amount it voluntarily expended."

In Johnston v. City of Okfuskee, 21 Wis. 186, it was contended that giving the notice is only directory, and that the omission does not avoid the tax, but this contention was not upheld, and the court in holding to the contrary said:

"As well might the municipal authorities attempt to assess or levy a tax without any improvement being directed or without its having been made."

In Rogers v. City of Milwaukee, 13 Wis. 682, the action was one to restrain the execution of tax deed; and one of the grounds relied upon was failure to give notice to the owner to do the work before a contract was let to other parties, and it was held that the want of such notice would be fatal to the sale of lots on assessment to pay the amount due in such contract.

It is contended, however, by plaintiff, that the presumption is in favor of regularity of the proceedings, and that the failure of plaintiff to prove that no notice was given to Bawbell precludes him from recovering in this case. With this contention, we cannot agree. Defendant below, after it was shown by plaintiff that no notice was ever served upon him or upon his immediate grantors, undertook to prove and did prove the notice that was given, and this notice was shown to have been served upon Grinstead, who was not the owner of the property at the time of the service of such notice; and we think it may fairly be assumed that this was the only notice given or served upon anyone.

We think it is clear from the provisions of the section requiring notice that the intent of the law is that the notice be served upon the person who owns the property at the time of the service of the notice, that he may himself construct the sidewalk. This has been held in a number of cases to be a substantial right of which the owner may not be deprived, without such notice.

In Redersheimer v. Bruning, 113 La. 343, 36 South. 990, the benefit of failure of notice to the owner was given the transferee after the improvements were made.

In Kingfisher Improvement Co. v. City of Waurika, 96 Okla. 83, 220 Pac. 919, it was held:

"The notice required by section 4630, Comp.

Stat. 1921, of the resolution of necessity for construction of sidewalk, when served by the officer designated by the council or other governing body, gives the city authorities jurisdiction to construct the walk, and levy the assessments to pay therefor, in the event of failure of the owner to do so as provided by the statute."

In Southern Surety Co. v. Jay, 74 Okla. 213, 178 Pac. 95, and a number of cases in this court, it has been held that, in order for a municipality to acquire jurisdiction to make public improvements, such as paving, etc., the passage and publication of the resolution of intention to pave are necessary.

The preliminary resolution of the necessity to construct the sidewalk was of itself wholly insufficient to confer jurisdiction upon the city to construct the sidewalk in question, and charge the expense thereof to the adjoining lot. Notice to the owner of the lot was as essential as the passage of the resolution of necessity. One without the other cannot confer the jurisdiction.

It appears from the record that the city of Pawhuska was wholly without jurisdiction to levy the special assessments against the lot of plaintiff. The judgment of the court below was contrary to law.

The judgment should therefore be reversed, with directions to enter judgment in favor of plaintiff in accordance with the views herein expressed.

BENNETT, LEACH, TEEHEE, and HERR, Commissioners, concur.

By the Court: It is so ordered.